## No. 3805.

|25 223|
|d111 659|

CHARLOTTE F. L. STAFFORD *v.* JAMES M. STAFFORD, her husband—
CALVIN TATE and al., Intervenors.

The law reprobates a multiplicity of actions and aims at protecting parties against the annoyance of repeated lawsuits in regard to the same subject matter.

"If one demand less than is due him, and do not amend his petition in order to augment his demand, he shall lose the overplus." C. P. art. 156.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn,* J. *R. J. Bowman* and *T. S. White,* for plaintiff and appellee. *Seay & Manning,* for intervenors and appellants.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

TALIAFERRO, J. In this case a wife brings suit against her husband for $13,000, alleged to be for moneys of her separate estate, received by him and converted to his own use. Certain creditors of the husband intervene and contest her claims, averring that they are unfounded, and gotten up for the fraudulent purpose of depriving them of a tract of land formerly the property of the husband, but which they had purchased at sheriff's sale, under legal process, to enforce payment by the husband of notes given by him for the price of the land. They further allege that in a former suit against her husband, the plaintiff in this action obtained a judgment against him for $2000, decreeing likewise a separation of property, and dissolving the community of acquets and gains. There was judgment in the court below in favor of the plaintiff for the amount claimed, and the intervenors have appealed.

The litigation between these parties includes another suit recently decided by this court on appeal, in which one of the intervenors brought a petitory action to recover from the wife and her husband a tract of land and plantation in the parish of Rapides. It appears that the plaintiff in this suit obtained judgment for the sum of $2000 against her husband on the seventeenth of May, 1869, on account of paraphernal rights, and that she claimed at that time no larger sum as. owing to her by her husband. The present action was commenced on the eighth November following, and on the eleventh of that month. the husband by a notarial act transferred to his wife the property in contestation as a *dation en paiement* of the claim against him for $13,000. The evidence in the record, we think, tends to raise well founded doubts of the fairness and genuineness of this claim set up by the wife. It is shown that the rights now set up by her, if *bona fide* and unsatisfied, existed anterior to the time of her commencing her first suit against her husband, in which she claimed only the sum of two thousand dollars. There is nothing whatever tending to explain an omission so anomalous and unusual as that of praying judgment

·only for an inconsiderable part of her demand, the whole of which, as alleged in her petition in the first suit, was in danger of being lost from the embarrassed condition of her husband's affairs. "If one demand less than is due him and do not amend his petition, in order to augment his demand, he shall lose the overplus." C. P. 156; 14 L. R. 140; 2 Rob. 207; 14 An. 316.

The law reprobates a multiplicity of actions, and aims to protect parties against the annoyance of repeated lawsuits in regard to the same subject matter.

We conclude after a full consideration of this case that the plaintiff ought not to recover, and that the judgment of the lower court should not be sustained.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment against the plaintiff rejecting her demand, with costs in both courts.

---

## ON REHEARING.

HOWELL, J.   After a careful re-examination of the pleadings, evidence and arguments in this case, we are unable to change the opinion we have already given. We think art. 156 C. P. must be held to apply to a case like this.

It is therefore ordered that the decree heretofore rendered by us remain undisturbed.