SUCCESSION OF TASSIN.

---

### John S. Edwards, Under-Tutor, *v.* John Morrow, Tutor.

In a suit to remove the father from the tutorship of his minor, on the ground of notoriously bad conduct, the party should allege particular facts of which the defendant was guilty, in order to enable the court to determine whether such facts constituted " notoriously bad conduct."

No cause of exclusion or removal from the tutorship is applicable to the father, except that of unfaithfulness of his administration and of notoriously bad conduct. C. C., 326.

APPEAL from the District Court of the parish of St. Landry. *Martel, J. Lewis & Porter*, for plaintiff and appellant. *J. E. King & B. F. Linton*, for defendant.

VOORHIES, J. In this case the defendant is sought to be removed from the natural tutorship of his minor children, on the grounds: 1, That he has neglected to educate them; 2, That he has driven two of them from his domicil, and refused to clothe or feed them, in consequence of which they have become homeless vagrants, without the means of subsistence; 3, That he has repeatedly declared that the two last-mentioned children should never receive the property inherited from their deceased mother; 4, That he has repeatedly declared his intention to deprive his other children of a portion of their inheritance, by dividing it equally between them and his children by a second marriage; and 5, that the defendant is an habitual drunkard, and is unfaithful in the administration of the property of the minors, and in the care of their persons.

An exception to the plaintiff's right of action was pleaded by the defendant. Considering that the plaintiff had substantially complied with the requirements of the law, in obtaining the authorization of the judge to prosecute the suit, as we infer from the record, the exception was properly overruled.

The defendant then pleaded that the suit had been instituted from improper motives; that the allegations of the petition were untrue; that he had faithfully managed the property of his minor children. And claimed one thousand dollars damages in reconvention of the plaintiff.

EEWARDS
*v.*
MORROW.

The plaintiff is appellant from a judgment of the court below rejecting his demand.

Before considering the merits of the case, it is necessary for us to notice several bills of exception to which our attention has been directed by the counsel for the appellant.

1. On the second day of the trial, after several witnesses had been examined, the judge refused to allow an amendment offered by the plaintiff, that "*John Morrow* is, and has been for several years, a man of notoriously bad conduct, and ought, therefore, to be removed from the natural tutorship of his children." Apart from the reasons which may have induced the judge to refuse the amendment, it appears to us that such an allegation would be immaterial. The party should allege particular facts of which the defendant was guilty, in order to enable the court to determine whether such particular facts constituted, within the terms of the law, "notoriously bad conduct."

2. We do not think the judge erred in refusing the declarations of the minors *Preston* and *Burton Morrow* to some of the witnesses, "that their father had driven them from home and refused to support them," to be given in evidence. If the minors were themselves incompetent as witnesses, of which there can be no doubt, it is clear that their declarations, which amounted to mere hearsay, were inadmissible.

3. We think the judge very properly refused to permit the plaintiff to prove by witnesses that from their knowledge of the defendant, and from his general character, they considered and believed him to be a dishonest man ; and that if the property in his possession belonging to his minor children should be converted into cash, the money would not be safe in his hands, that he would swindle them out of their inheritance. The particular facts within the knowledge of the witnesses giving rise to such inferences, could alone be given in evidence, and of which, besides, the court, and not the witnesses, was the proper judge.

4. The testimony in relation to a difficulty between the defendant and his daughter, and the character of his wife, neither of whom being a party to this suit, was, in our opinion, very properly excluded. Whether the defendant's treatment to his daughter, who had ceased to be under his tutorship by her marriage, was unjustly harsh or not, or whether the defendant's present wife was profane, high-tempered and drank spirituous liquors or not, was, it seems to us, quite immaterial, and could afford no legal ground to remove the defendant from the tutorship.

5. The Judge *a quo*, we think, correctly sustained the defendant's objection to the following questions propounded by the plaintiff's counsel to the witnesses : "1st. Is not the defendant a man of notoriously bad conduct ? 2d. Is not the defendant a dishonest man ? 3d. If the property of the minors now in the possession of the defendant were sold and converted into money, do you believe the money would be safe in the defendant's hands ?" As a general rule, the opinions of witnesses are inadmissible. The present case does not form an exception to that rule.

6. Conceding that the Judge *a quo* erred in sustaining the defendant's objection to the competency of the plaintiff as a witness, on which we express no opinion, we do not think it affords a sufficient reason to authorize us to remand the cause, convinced as we are that it would not vary the result of this unfor-

tunate controversy, which should end here. From the voluminous testimony in the record, which has been carefully examined by us, we must presume that "the neighbors have all testified, as the defendant's counsel remarks, and as against this testimony, that of the under-tutor could be of no avail."

Upon the merits we concur in the conclusion of the Judge *a quo* that the plaintiff has failed to make out his case. "No cause of exclusion or removal is applicable to the father, except that of unfaithfulness of his administration, and of notoriously bad conduct." C. C. 326. There is no evidence in the record showing that the defendant was unfaithful in his administration. It is true he was addicted to drinking, but this does not appear to have interferred with the management of his business or caused any injury to the property or to his pecuniary interest. His conduct may be censurable in this respect, presenting an evil example to his children, but it is surely not such as to constitute in it-self, within the terms of the law, "notoriously bad conduct." The case of the tutorship of *Virginia Kershaw,* 5 R. 488, bears a strong analogy to the pre-sent. There it appeared the tutor was addicted to using ardent spirits to ex-cess; when drunk he was inoffensive, and when sober a quiet good citizen. In the case at bay the defendant does not appear to be addicted to any other vice, and is also inoffensive under the influence of intoxicating liquors. The doctrine as to what constitutes notorious bad conduct we consider to be fully settled by our predecessors. See the case of *Bosworth* v. *Butler,* 2 A. 298.

It is, therefore, ordered and decreed, that the judgment of the court below be affirmed, with costs.