## City of New Orleans *v.* Martin Gordon, Agent, &c.

In an action on a penal statute which must be strictly construed, it is necessary that the facts constituting the *grav men* should be clearly and distinctly stated.

APPEAL from the Second District Court of New Orleans, *Morgan, J.*

*F. C. Laville* and *Morel*, for plaintiff.   *Durant & Horner*, for defendant and appellant.

Voorhies, J.   This is an action to recover of the defendant $350, with interest, Assistant City Attorney's commission and costs, penalties alleged to have been incurred by him under the third section of an ordinance of the city, approved 23d June, 1854, as follows, viz:

"Sec. 3. Be it further ordained, that any person or persons refusing or neglecting to repair the side-walks, foot-passages, or common alleys, in front of his or their property, or bordering thereon, or cause the same to be made when required, after the expiration of the ten days, shall be liable, in addition to the cost of making said repairs, to a fine of ten dollars for each day he or they are in contravention, said fine to be recoverable before any court of competent jurisdiction."

The agent, in his answer to the plaintiff's petition, after pleading the general issue, avers, that the side walks in front of the property of his principal is and has always been in good order; that neither he nor his principal has ever been put in default; and that if what is alleged be true, which is denied, the city itself has violated the ordinance by not repairing the side walks, &c.

The defendant is appellant from a judgment of the court below, condemning him to pay the plaintiff said sum of $350, with five per cent. interest thereon from judicial demand, ten per cent. thereon for Assistant City Attorney's commission and costs of suit.

The first section of that ordinance provides, "that whenever any of the side-walks, common alleys, or foot-passages, within the corporate limits of the city, shall need repairs, it shall be the duty of the street commissioner, or his deputies, to notify, in writing, the owners or their agents of the property fronting or bordering thereon, to cause said repairs to be made within ten days after service of said notice."

The second section declares, "that after the expiration of said ten days, in case said side-walks, common alleys or foot-passages are not repaired by the

owners, or agents aforesaid, it shall be the duty of the street commissioner to cause the necessary repairs to be made at the expensè of said owners of property fronting or bordering on said side-walks, common alleys or foot-passages."

*F. Young,* deputy street commissioner, for the plaintiff, and *E. F. Briggs,* for the defendant, were the only witnesses examined on the trial below, the substance of whose testimony may be thus briefly stated. That of the former shows, that the side-walk in front of the defendant's property was bad and wanted repairs; that some one, whose name was not signed, had complained of it on the books in the Street Commissioner's office; that the defendant's agent was notified of it in writing, on the 25th of September, 1856; that the bricks of the pavement have sunk down in two or three places, collecting *pools of water* whenever it rains, and *wetting the passers by,* and has never been repaired; that the side-walk complained of, and in consequence of which he notified the defendant, is on Apollo street, *and extends from Thalia to Melpomene street;* and that he examined the side walk on the day of the trial and found it in the same condition it was, when he notified the defendant's agent, no attempt ever having been made by the city to have the same repaired.

The testimony of the other witness, who resides on Thalia street, between Nayades and Apollo, shows that he is acquainted with the side-walks, along the whole front of which there is a row of trees; that he was called on by *Gordon,* the defendant's agent, to examine it soon after the equinoctial storm in September last. One of the trees had been blown down, and put up or taken away afterwards, leaving no obstruction. He thought that *Gordon's* notification to repair the side-walk, proceeded from the tree having been blown down, considering the side-walk in pretty good order. He was not in the habit of going by there daily, but at the time *Gordon* called on him to examine the side-walk, he found it in as good order as the generality of banquettes in that neighborhood; he has passed over it some twelve or fifteen times since the month of October, and found it in the same condition as it was when he examined it the first time.

The present suit was instituted on the 19th of November, 1856, and tried on the 1st of April, 1857.

The following statement forms a part of the petition, viz:

"[Suit No. 159.]                COMPTROLLER'S OFFICE,  
        *Martin Gordon,* agent of *D. F. Kenner,* No. 35 Camp street.  
*To City of New Orleans:*

For fine incurred by him for having, on or about the 25th day of September, 1856, violated City Ordinance, to wit: Ord. 1586, sect. 3d, in refusing to repair his side-walk, within corporate limits of the city, although duly notified by *J. A. Guyol,* Street Commissioner, on the 25th September, 1856.

*Martin Gordon,* No. 35 Camp street, agent of *D. F. Kenner,* Appollo street, between Thalia and Melpomene streets. Fine of $10, after ten days notification of ord., during 35 days, at $10, $350.

             Witness.            F. YOUNG, Deputy Street Commissioner.  
Registered, November 11th 1856.            T. THEARD, Comptroller.  
To *F. C. Laville,* Assistant City Attorney."

In an action on a penal statute, which must be strictly construed, it is essential, in our opinion, that the facts constituting the *gravamen* should be clearly and distinctly stated. In this case, the petition merely sets forth the defendants indebtedness, arising from his violation of the third section of the

ordinance, which is therein copied, and that "he has, during thirty-five days, violated said section of said ordininance, at ten dollars a day, making in all the sum of $350, as per bill annexed, and part of this petition." There is no description given of the property of the defendant, or the nature of the repairs required to be made to the side-walk in front of the same. The evidence, which we have carefully examined, appears to us insufficient to supply this defect; indeed, giving equal weight to the testimony of each of the witnesses, whose credibility does not appear to have been taken into consideration by the court below, it is certainly very inconclusive, especially when we take into view the facts, if such repairs had been necessary, of the remissness of the city to make them at the expense of the defendant, as enjoined by the ordinance, which is imperative, leaving it no discretion to postpone indefinitely such repairs, in order to inflict a heavy penalty on the owner. As the manifest object of the ordinanc is to keep in order, free from any nuisance, the side-walks, common alleys and foot-passages of the city for the common use and benefit of the public, the infliction of the penalty in cases in which such object is not sought to be attained, as in the present case, would be inequitable, and not in accordance with the letter and spirit of the ordinance.

We think the court below, therefore, erred in overruling the defendant's exception to the plaintiff's petition, on the ground that the same did not contain such specifications of a violation of the ordinance as to enable him to answer.

It is, therefore, decreed, that the judgment of the court below be reversed, and the action dismissed at the plaintiff's costs in both courts.