## No. 848.

### THOMAS B. STEVENS v. ED. F. PINNEO et als.

When the act of sale contains the pact *de non alienando*, no matter through how many hands the property sold has passed, so long as the price agreed to be paid remains due, the vendor has the right to proceed directly against the vendee, regardless as to who is in possession of the mortgaged premises.

The fact that the property was not divided into lots of fifty acres or less according to article 132 of the constitution, is not sufficient cause for annulling the sale on the relation of the plaintiff, who complains of the illegality of the executory proceeding under which it took place.

APPEAL from the Third Judicial District Court, parish of Iberia. *Train, J. DeBlanc & Fournet*, for plaintiff and appellant. *Shwing & Haase, Lewis & Bro.*, for defendants and appellees.

MORGAN, J. The object of this action is to annul a sale of real estate made by the sheriff in virtue of an order of court issued in an executory proceeding.

The exception of no cause of action can not be maintained. If

plaintiff's property was illegally sold he has the right to have the illegality declared.

Broussard sold to Marsh a certain piece of property. To secure the credit price he reserved the vendor's privilege and a mortgage, the act of sale and mortgage containing the pact *de non alienando.*

Marsh sold the property to Pinneo. Pinneo sold the one half thereof to Thomas B. Stevens, the plaintiff. On the seventeenth of July, 1872 Broussard instituted executory process against Marsh upon a portion of the price remaining due on account of his purchase, and, under execution the property was sold to Broussard, who, in his turn, sold it to Pinneo. Stevens says he was absent at the time of the sale.

He seeks to annul the sale on various grounds :

*First*—Because he was never notified of the order under which the property was sold, though the party obtaining the order, and the parties purchasing under it, knew him to be the owner of one-half thereof.

The answer to this is that the act of sale from Broussard to Marsh contained the pact *de non alienando.* No matter through how many hands the property had passed, so long as the price agreed to be paid by Marsh remained due, Broussard had the right to proceed directly against Marsh, regardless as to who was in possession of the mortgaged premises.

*Second*—Because the order was granted against Marsh who was not the owner of the property. The answer we gave to the second objection answers this one.

*Third*—Because the property was not divided into lots of fifty acres or less, according to article 132 of the constitution. This is not sufficient cause for annulling the sale on the relation of Stevens.

*Fourth*—Because every formality prescribed by our laws for the enforcement of contracts, mortgages and privileges for the seizure and sale under execution of the debtor or third possessors of property have been disregarded and ignored by those who obtained and those who executed the order of seizure and sale under which the property in question was sold. This objection is so general that it amounts to nothing.

Judgment affirmed.