## No. 10,023.

### THE STATE EX REL. W. H. HEATH ET AL. VS. THE JUDGE OF THE TWENTY-SECOND DISTRICT COURT ET ALS.

A bond to cover all costs is sufficient for a suspensive appeal from a judgment dismissing a third opposition claiming a preference on the proceeds of a sale in the hands of the sheriff over seizing creditor.

Where there are a number of oppositions claiming preferences on such proceeds, which are dismissed, the appellants from the judgment of dismissal may join in the motion for the appeal, and in one appeal bond.

APPLICATION for Mandamus and Prohibition.

---

*Sims & Poché,* for the Relator.

---

The opinion of the Court was delivered by

TODD, J. The relators, by third oppositions, claimed to be paid by preference out of a fund in the hands of the sheriff, realized from the sale of a certain plantation described in the pleadings.

There was judgment rejecting their demands. From this judgment they asked a suspensive appeal, and tendered a bond to cover all costs,

They complain of the judge by whom said judgments were rendered, for refusing to grant them a suspensive appeal on the bond tendered, and denying them the privilege of such appeal unless upon a bond for one-half over and above the amount of the judgment or claim of the other and successful party to the controversy; and they have applied to this court for a mandamus to compel the judge to grant the appeal upon the execution of a bond for a sum to be fixed by him, sufficient to cover the costs, and also for a prohibition to stay proceeding pending their application.

The judge, in his answer, denies that the case presented is one in which the relators are entitled to a suspensive appeal on giving bond for costs. He assigns, also, other causes for his refusal to grant the appeal, which, as they pertain to the merits of the controversy, we must decline to consider in this proceeding. They may furnish ground for the dismissal of the appeal, but are out of place here.

The relators do not seek to appeal from a money judgment against them, or from a judgment for the delivery of property, but only from one denying them a preference in a certain fund in the possession of the court or its officers.

In such case it has been established by a long line of decisions running through a half century, that the law only exacts a bond sufficient to cover the costs. Heath et al. vs. Vaught et al., 16 L. 513; Blanchin vs. St'r Fashion, 10 Ann. 345; Suc. of Edwards, 34 Ann. 216; State ex rel. Moller vs. Judge, 36 Ann. 189; Pasley vs. McConnell, 38 Ann. 470; State ex rel. Durand vs. Judge, 30 Ann. 283.

In the face of these and many other decisions to the same effect, it is surprising that there can now exist any controversy on the subject.

Another ground urged for the refusal of the appeal is that there is no privity between the different relators, and they could not join in one motion for the appeal.

There is no force in this contention. In the case of Schlieder vs. Martinez, 38 Ann., the present court said:

" There is no provision of law or rule of practice which requires each party dissatisfied with the judgment rendered should separately appeal and give a separate and distinct bond. They can all well join in the same motion and furnish one bond, in the case in which the judgment appealed from was rendered."

It is, therefore, ordered, adjudged and decreed, that the writs of mandamus and prohibition be and the same are hereby made peremptory.