LAND, J.
Tile case is thus stated by the ■Court of Appeal:
“Plaintiff contracted to do certain plumbing work for defendant for the fixed price of $66.50, and in the same contract to lay certain sewer pipes at 30 cents per running foot, if permitted by the sewer board. This permission was granted, and 160 feet of pipe were laid. The plumbing was also completed.
“Plaintiff then filed ' two suits in the city ■court on the same day, one for the price of the plumbing, $66.50, and the other for,the sewer pipe, $48.
“The first suit mentioned was prosecuted to a final judgment, and resulted in a judgment for the plaintiff.
“Plaintiff then undertook to prosecute the second suit, and was met with the objection that, haying claimed in the first suit less than was due, it cannot now recover the balance; and defendant relies on articles 91 and 156 of the Code of Practice.
“After mature consideration, we conclude that, under the jurisprudence, these articles have no application to the case at bar.”
After citing several authorities on the point, the Court of Appeal reversed the judgment below and rendered judgment in favor of the plaintiff for $48, with interest and costs.
The appeal was from the city court, and was tried de novo in the Court of Appeal. The evidence was not reduced to writing, and the record contains no statement of facts. I-Ience we have no means of knowing what facts were proven before the appellate tribunal.
The relator avers that the evidence showed that the plaintiff did lay the pipes for 160 feet, and did include in their charge the sewer pipe outside of the property line, which the sewer board was bound to pay for under the law, and, further, that the sewer board refused to give a certificate that said work was done properly, and did give a certificate to the contrary. Relator further avers that on said state of facts judgment should have been rendered in his favor.
In support of his averments of facts, the relator refers the court to unverified diagrams and plats sent up with the record. It is manifest that these papers at best form but parts of the evidence that was adduced on the trial of the cause de novo before the Court of Appeal. The error assigned consists in the alleged failure of the Court of Appeal to properly apply the law to a certain state of facts. In a similar case, this court refused a writ of review, where the ■evidence had not been reduced to writing, and there was no agreed statement of facts. Broderick v. Blunt, 120 La. 1051, 46 South. 20.
It is therefore ordered that the writ herein issued be recalled, and that relator’s application be dismissed, with costs.