The judgment appealed from is accordingly affirmed.

PROVOSTY, J., being absent on account of illness, takes no part.

━━━━

(64 South. 488.)

No. 20,051.

CAHILL et al. v. BIANKI et al.

(Feb. 16, 1914.)

*(Syllabus by the Court.)*

1. EXECUTORS AND ADMINISTRATORS (§ 216*) —ATTORNEY'S FEES—RIGHT TO RECOVER.

Where attorneys have rendered service to an executor of a will, the fact that one of them makes an ill-advised remark to the effect that, unless he is paid a large fee and the notary an equally large fee, there will be litigation over it cannot have the effect of depriving the attorney of his fee.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

2. EXECUTORS AND ADMINISTRATORS (§ 216*)— ATTORNEYS' FEE—ALLOWANCE.

Where one attorney has been employed by an executor and subsequently another employed to assist him because of the alleged mismanagement of the estate, both will be allowed a lump sum, where it is shown that they have rendered services that inured to the benefit of the estate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

3. EXECUTORS AND ADMINISTRATORS (§ 216*)— ATTORNEYS' FEE—AMOUNT.

A fee of $1,000 is not an excessive fee to two attorneys who served the executor of an estate worth over $80,000, even though the executor was relieved of his trust by the heirs, who were represented by other attorneys, being sent into possession.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 757; Dec. Dig. § 216.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by A. J. Cahill and another against Widow Miho Bianki and others. From a judgment for plaintiffs for less than claimed, they appeal. Affirmed.

Charles J. Theard and Charles F. Claiborne, both of New Orleans, for appellants. James Legendre, of New Orleans, for appellees.

BREAUX, C. J. The attorneys employed to settle the succession of George A. Gallia (sometimes Gail) appealed from a judgment of the district court which allowed them a fee in the sum of $1,000.

They brought this suit to recover $5,000.

The attorney named as plaintiff was the first employed by the executor and after Mr. C. A. Butler became associate attorney, also employed by the executor.

The succession was opened in the year 1910. An inventory of the property was taken, and the appraisement was $80,929.41. There were no heirs of the succession present.

The deceased was an Austrian, who left four sisters in his native country, who were his only heirs. They were of age.

An agent came to this country, whose procuration did not meet with the approval of the executor and the attorneys. They refused to accept it for the reason, they said, that it did not appear whether or not they were

the legal heirs of the de cujus. The executor and counsel prepared a procuration which they forwarded to Austria. Before its return, the heirs applied to the court to be recognized and placed in possession of the succession. The attorneys opposed this application in court. They were not successful. The court recognized the heirs, and the judgment rendered gave them the possession of the property upon the payment of the debts and a reservation of a sufficient amount to that end. An attorney for absent heirs was appointed to take out a rule to compel the executor to produce the bank books and to file an account of his administration.

It is the contention of plaintiffs that in all of this they performed faithfully the duty incumbent upon them as attorneys; that they gave needful advice to the executor and in fact did all that attorneys should do.

The defendants were not impressed by the services rendered. They do not seem to have appreciated them. They urge that the attorneys are not entitled to any compensation whatever; that there was mismanagement of the estate, and that Attorney Cahill was a party to this mismanagement; that with his knowledge the executor drew from the bank $2,825, which was afterward loaned to relatives and friends of the executor; that the attorney neglected to collect notes due to the estate, also neglected to collect rents.

[1] The defendants charge that the attorney Cahill called upon the attorney of the heirs and said to him that he was entitled to a fee of $8,000 and the notary to $5,000, and that, if these amounts were not paid, there would be litigation before the heirs could possibly obtain possession.

It is urged by the defendants that there was litigation as this attorney said there would be, and that there would have been none had the attorney of these heirs consented to pay those high fees. They also raised the contention that there was no necessity of employing a second attorney to settle the succession because it was not a difficult one requiring two attorneys for its settlement. That these services were not rendered by him in defense of the will.

Testimony was taken during the trial relative to these charges. The district judge concluded that the attorneys were entitled to a fee, although at first he was of a different opinion.

In a prior case, to wit, the case of the same title, the court commented upon the issues of the case and expressed the views of the court in regard to them. After having expressed those views, which did not agree with the conclusions previously reached by the court, the Supreme Court remanded the case, and on the second hearing the judge allowed them the fee mentioned in the first part of our decision.

There were irregularities beyond question. But it happens that no harm has been done; none of the assets were lost. It is true that the attorney whose name appears in the title of the case uttered remarks that he should not have uttered. Learned counsel for plaintiff argued that errors in speech and in action should not have the effect of forfeiting the fee or causing its loss. Defendants' counsel is equally as earnest in urging that the law should always be inflexibly enforced.

In "The Struggle for Law," to quote a phrase of an eminent German lawyer, "sentiment should always be in favor of a strict enforcement of the law."

While this is correct enough, yet those who have rendered services should not be made to lose all remuneration unless for good cause. To an ill-advised utterance about the amount of a fee and in claiming $8,000 for a fee (out of all reason), and stating that the notary was entitled to $5,000, and stating further that if not paid there would be delays and legal troubles, and the fact that delays did follow, also litigation, not the greatest im-

portance should be given. They were ill-advised expressions, but should they be the cause of depriving both counsel of their fee?

As to the litigation: This extravagant assertion could have no influence in preventing the court from acting, and the court did act, promptly and properly at every turn where action became necessary. Moreover, one counsel should not be held accountable for the indiscreet utterances of another.

[2] It is further urged in defense that there was no necessity of employing two attorneys to settle the succession. With this we entirely agree. But here again facts and circumstances have to be considered. Both attorneys rendered services; they were not members of the same firm, it is true, but they rendered services which were accepted, and no timely objection was made. If the services of the first attorney, the one whose name appears in the title, were unsatisfactory, he should have been discharged by the executor or the heirs should have objected. The first attorney was not discharged; he continued to perform services, and another was employed as his assistant, who rendered, without contradiction, useful service. There was no unreasonable delay. The agent of these parties was present and never objected. Perhaps expecting such objection would be expecting too much.

In the case heretofore decided by this court (Succession of Gallia, 130 La. 875, 58 South. 691), after having reviewed the different questions upon the same evidence as that before us at this time, and no other, that all the debts of the succession had been paid, the will executed, the court said that it was a possibility that an amount was due to the attorneys.

From this statement, we take it that the court concluded that the parties were entitled to a fee. But in fixing the fee we must consider that there were no great services rendered nor required. The heirs were all of age, as before mentioned, and in a short time after the opening of the succession there was a special agent present to represent them.

The defendants answered the appeal in this court and admitted that a fee of $1,000 was due, but stated that it should be paid to the attorney last employed and not to the attorney who opened the succession, whose services had been criticised.

[3] As between the appellants, we will not discriminate. What is the amount due each is a matter which must be determined between themselves. It occurs to us that the services are worth the amount of $1,000. That amount is allowed.

The law and the evidence being in favor of plaintiffs and appellants and against defendants and appellees, the judgment is affirmed, at cost of appellant.

SOMMERVILLE, J., takes no part.

PROVOSTY, J., being absent on account of illness, takes no part.