(64 South. 708.)

No. 20,078.

MILLER v. GALLIA et al.

(Feb. 16, 1914. On Application for Rehearing, March 16, 1914.)

*(Syllabus by the Court.)*

EXECUTORS AND ADMINISTRATORS (§ 500*)— COMPENSATION OF EXECUTOR—AMOUNT.

Where the executor of an estate so mismanages its funds that the court administering the estate orders a judicial sequestration of the succession, which is thereafter administered by the civil sheriff, the testamentary executor will not be allowed commissions on the amount of the inventoried value of the succession, but only on the amount actually administered by him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2131–2139; Dec. Dig. § 500.*]

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. Josephine Miller, testamentary executrix against Stanislava Gallia, widow of Miho Bianki, and others. From a judgment for plaintiff, defendants appeal. Amended and affirmed, and further amended on rehearing, and rehearing denied.

See, also, 130 La. 867, 58 South. 691.

James Legendre, of New Orleans, for appellants. J. B. Rosser, Jr., of New Orleans, for appellee.

BREAUX, C. J. This is a suit on the part of Mrs. Josephine Miller, wife of Nicholas Miller, authorized by her husband. Mrs. Miller is the testamentary executrix of the estate of Wandill Miller and his universal legatee for the commission earned, she alleged, by Wandill Miller, deceased testamentary executor, of the estate of Evo Gallia (sometimes called George Gail), whose succession consisted of assets valued at $80,000.

The inventory of the succession of Evo Gallia, we are informed, was made at the instance of Wandill Miller, executor.

The commission claimed by Mrs. Josephine Miller amounts to $2,023.73.

Plaintiff, as the legal representative and heir of the succession of Wandill Miller, claims the amount before mentioned from the heirs of Evo Gallia.

Plaintiff in her petition relates at some length the different legal steps taken in the settlement of the succession and refers to them as showing the nature of the alleged useful services rendered by the executor, whose commission she claims. She refers to the different judgments rendered at different times and to orders from the court in the issuing of which the executor's name was connected. She mentions specially that the heirs have accepted the estate and that they went into possession of all the assets except an amount which was retained in the depository of the court for the payment of all debts of the estate.

The defendant heirs are represented by Stijepo Desino, residing in the parish of Orleans.

The contention of the heirs in defense was that the executor was not entitled to the commission because of his unfaithfulness in the discharge of his functions as executor; that it impelled the judge to appoint the sheriff as judicial sequestrator of the Gallia estate; that the sheriff and not the executor collected the debts due and delivered the remainder to the heirs.

The appointment made by the court reads as follows:

"That the civil sheriff of the parish of Orleans take into his hands and charge the custody of the assets of this estate including moneys in bank and retain same subject to the further orders of the court."

The specific charges of the defendant heirs are that the executor drew bank funds of the estate to the amount of $2,825 without authority from the court. That he (the executor) loaned part of this amount thus drawn without the sanction from the court; that he did not exercise diligence to collect the notes amounting to $52,171; that he only collected two notes, amounting to $5,700. Neither did he collect the rent, and took no steps to pay the creditors, and that proceedings had to be taken to compel him to file an account. That if the court does not sustain the charges above stated, and determines to allow compensation, it should be allowed only on the property he actually administered, to wit, the two notes collected by him.

The district court rendered judgment allowing the executor his commission.

Plaintiff represented that there was illegality in transferring the case from division A to division D.

The question was heretofore considered and correctly the decision of the remaining issues was left to division D of the district court. The ruling became final and there remains no question for decision upon that score.

The appeal is properly before us and no good reason suggests itself to set aside the judgment and remand the cause to another court for trial.

It follows that division D is still possessed of jurisdiction over claims against the succession.

In the decision heretofore rendered (Succession of Gallia, 130 La. 867, 58 South. 691) a similar question was presented, but was not decided. The court said that the judicial sequestration did not deprive the executor of the custody and control of the property of the estate nor of its possession, but those questions were not definitely passed upon.

We are not concerned with the question of possession at this time. We will add that the sheriff had possession save of that property of which the executor had possession and which he, the executor, administered.

It remains as a fact that the executor's administration affected only a part of the succession.

The judge of the district court arrived at the conclusion that the executor was mismanaging the succession. The executor had drawn at least over $1,800 from the bank in which it was deposited and loaned a large portion to relatives and friends.

Questioned as a witness, the executor said that he had caused the amount to be loaned on good security. He did not know exactly what "was done with the money."

The executor is forbidden to use the funds of the estate he administers for his private use. Civil Code, art. 1148.

Executors are forbidden to draw out of bank succession funds. The rules above apply to testamentary successions. Civil Code, art. 159.

He was questioned in regard to different

amounts, of which he knew very little, if anything. He said that there were no debts paid. It remains that funds deposited should not be drawn without the court's order, particularly should not be drawn to be loaned to friends and relatives.

We will not pursue that subject further; the judge became satisfied, doubtless, that there was mismanagement, and that in order to conserve the property it was advisable and judicious to appoint a judicial sequestrator.

If there was error in making this appointment it has not been proven; it has not been contended that there was. Were we inclined to criticise the appointment, we would find nothing upon which to base unfavorable comment. We take it from the evidence that there was necessity for this appointment, that it was in the interest of all concerned, and with common acquiescence the sequestrator took charge and administered the affairs of the succession. The administration of the executor was limited without protest.

To the extent it appears that he had administered he should be paid a commission. He had collected $5,700, upon which he is entitled to a commission. All else was collected and accounted for by the sequestrator.

For reasons stated, the judgment of the district court is amended by reducing the executor's commission from amount heretofore allowed to $132.50; as amended, the judgment is affirmed at the costs of the heirs of Evo Gallia in both courts.

### On Application for Rehearing.

PER CURIAM. Our attention has been called to the fact that the transcript in the Succession of George E. Gail, or Gallia, No. 19,032 of this court, pages 234 and 235, shows that it was proven that Miller, late executor, collected and deposited in bank the total amount of $7,383.

We have verified the reference, and consequently will allow commissions on said amount. We do not think that the other grounds for a rehearing have any merit. According to the text of the law the executor should have been dismissed from office and condemned to pay 20 per cent. interest per annum on the amount not deposited in bank, or withdrawn without authority. Civil Code, art. 1150. Most of the assets of the succession were taken by order of court out of the hands of the executor, and turned over to the sheriff, as judicial sequestrator. The case is one of a partial administration, and the executor's commission should be restricted to the portion actually administered by him. Civil Code, arts. 1194, 1200—2, 1683—7.

It is therefore ordered that our former decree herein be amended by substituting $184.57 for $132.50, and that with this amendment, plaintiff's application for a rehearing is refused.

PROVOSTY, J., being absent on account of illness, took no part.