9 So.2d 532

**PIC v. MENTE & CO., Inc.**

No. 36670.

June 29, 1942.

Rehearing Denied July 20, 1942.

Milling, Godchaux, Saal & Milling and Haywood H. Hillyer, Jr., all of New Orleans, for applicant.

Harry T. Wilkins, of New Orleans, for respondent.

O'NIELL, Chief Justice.

Earl E. Pic, doing business in the name Fern Supply Company, filed two suits against Mente & Company, Inc., simultaneously, in the First City Court for the City of New Orleans. One of the suits was for $249.90, for the price of merchandise sold and delivered on January 29, 1941, and the other suit was for $128.52, for the price of merchandise sold and delivered on March 14, 1941. The sales were made on an open account which had existed almost a year before the suits were filed. The two items sued for, amounting to $378.42, are the only items on the account. The jurisdiction of the city court does not extend to suits in which the amount in dispute exceeds $300. The defendant therefore pleaded in each case that the court had not jurisdiction ratione materiae, and that the plaintiff could not confer such

jurisdiction upon the court by splitting his demand for $378.42 into two demands, each for a sum less than $300. The judge, after hearing evidence on the plea, overruled it; and the defendant obtained from this court a writ of certiorari and an alternative writ of prohibition.

On the trial of the exception to the jurisdiction of the court, the defendant introduced in evidence monthly statements rendered by the plaintiff on the last day of each month, namely, March, April, May and June, 1941. The defendant introduced also a letter from the defendant, dated May 9, 1941, saying: "We wish to call your attention to your account not being paid, covering our invoices No. 24105 of January 29, 1941, for $249.90, and #25001 of March 14, 1941, for $128.52. We wish to advise that unless we receive a check by May 26th covering these invoices we will turn the account over to our attorney for collection. Suit if necessary." And the defendant introduced also a letter from the plaintiff's attorney, dated May 29, 1941, saying: "The Fern Supply Company has placed in my hands for attention its claim against you in the sum of $378.42, covered by invoices respectively for the sum $249.-90 and $128.52. I trust that you will let me have your check to cover these items by return mail." The evidence therefore shows that the plaintiff and his attorney both regarded the indebtedness as one debt for $378.42. No reason is given for the bringing of two suits instead of one suit for the collection of the debt. There is no suggestion that a separate defense might be made to each item on the account, or that any inconvenience might result if a

special defense should be made to either of the two items on the account. We assume that the plaintiff's only purpose in bringing two suits instead of one suit to collect the indebtedness was to confer upon the First City Court jurisdiction over the claim, over which the Civil District Court alone has jurisdiction. The facts of the case bring it within the rule that a plaintiff cannot, by splitting his demand for a certain sum of money into two or more demands for sums aggregating the amount claimed, confer jurisdiction upon a court that has not jurisdiction of the whole demand. Kearney v. Fenerty, 185 La. 862, 171 So. 57; Code of Prac. art. 91 and 156. If the plaintiff in a case like this, suing on an open account, would have the right to split his claim into two demands— and to bring two suits—for the purpose of bringing the claim before a court that has not jurisdiction over the total amount claimed, the consequence would be that any one suing on an open account embracing any number of items would have the right to bring as many suits as there are items of indebtedness on the account. That would be contrary to the law's aversion to a multiplicity of suits.

The plaintiff relies mainly upon the decision rendered by the Court of Appeal for the Parish of Orleans in the case of American Manufacturing Co. v. Massman, 7 Orleans App. 256. That decision is not applicable to this case and would not be controlling if it should be deemed applicable. There was no question of jurisdiction in the case cited. The total sum which the defendant owed to the plaintiff was

$114, made up of three items on an open account, one item being for $26, one for $73, and one for $15. The plaintiff sued for the two items amounting to $88, and obtained judgment for the amount; and thereafter when suit was brought for the remaining $26 the defendant pleaded that the claim for that sum was abandoned by the plaintiff's suing for only $88. The plea was founded upon the provision in articles 91 and 156 of the Code of Practice, that if one sues for less than the amount due him he is presumed to have abandoned what he does not sue for. The court held that the presumption should not prevail in the circumstances of the case. The court cited two decisions by this court, where the presumption of abandonment was invoked, under the provisions of article 156 of the Code of Practice, and where it was held that the facts did not warrant the presumption of abandonment, namely, Brandagee v. Chamberlin, 2 Rob. 207, and In re Dimmick's Estate, 111 La. 655, 658, 35 So. 801.

The plaintiff cites also the case of Gaiennie Co., Ltd., v. Bouchereau, 9 Orleans App. 81, where the court sanctioned the bringing of two suits to collect the amounts claimed on two separate contracts which the plaintiff had performed. That decision—however sound it may have been —is not to be considered as a precedent, because this court granted a writ of review in the case and afterwards dismissed the writ on the ground that the case had been tried de novo in the court of appeal and the evidence was not in the record. Gaiennie v. Bouchereau, 130 La. 446, 58

So. 143; Succession of Gallia, 130 La. 867, 58 So. 691.

The question whether a creditor's claim in any case rests upon a single cause of action, and should be asserted therefore in one suit, or rests upon two or more separate causes of action, and should be asserted therefore in separate suits, depends upon the facts of the case. In the present case the plaintiff does not show that there was any just advantage in his bringing two suits instead of one suit for the collection of his claim.

The writ of prohibition is made peremptory; the defendant's exception to the jurisdiction of the First City Court is maintained; and the plaintiff's suit is ordered dismissed at his cost.