JACOB BRANDAGEE *v.* T. G. CHAMBERLIN and another.

Arts. 91 and 156 of the Code of Practice, which provide that if, in order to give jurisdiction to the court, one demand less than is really due, and do not amend his petition and augment the demand, he shall be presumed to have remitted the surplus, relate to the reduction of an entire sum, as where the claim exceeds the jurisdiction of the court, and is reduced so as to bring it within it. But where an amount is payable in instalments, as rent at fixed periods, a conjunctive obligation is created, and each instalment may be paid or enforced separately. So where four monthly instalments of rent are due, a suit for the amount due for the last month, will not release the lessee from the obligation to pay the rent due for preceding months.

APPEAL from the Parish Court of New Orleans, *Maurian*, J.

MARTIN, J. The plaintiff claims four months' rent of a store, during the months of June, July, August and September, 1836. The defendants, showing that the plaintiff had, in the month of November, 1836, sued for and recovered judgment in the City Court, for the rent of the month of May, 1836, excepted to the plaintiff's right of action, on the ground that the rent now claimed, if ever due at all, was due on the 23d of November, 1836, when he instituted a suit in the City Court for the rent of the month of May preceding, and that the plaintiff having then forborne to claim the rent for the four following months, now demanded, has forfeited all his rights thereto. The exception was sustained, the action dismissed, and the plaintiff has appealed. The Parish Court relied on the Code of Practice, arts. 91 and 156. The first provides that "if one, in order to give jurisdiction to a judge, demand a sum below that which is really due to him, he shall be presumed to have remitted the overplus, and after having obtained judgment for the sum he had claimed, he shall lose all right of action for

that overplus." The last directs, that "if one demand less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus."

It appears to us that the judge erred. The articles he has referred us to, evidently relate to the reduction of an entire sum, as where the claim is above the jurisdiction of the court, and is reduced to the sum suable for there. Neither of the articles relate to sums due at different times, and demandable separately. The Civil Code places this beyond doubt. Article 2060 provides, that "where a sum is promised to be paid at different instalments, a conjunctive obligation is created, and the payment may be *severally paid or enforced*. Rents, payable at fixed periods, come also under this rule." The lease on which the present suit is brought, is for a rent of twenty-four hundred dollars per annum, payable *monthly ;* which does not differ from a rent of two hundred dollars per month. Such is the jurisprudence of France. Toullier informs us, that "the arrearages of an annuity, or a rent, and the interests of a sum, form as many debts as there are periods of payment. Droit Civil Français, p. 719, sec. 688, Tit. Des Obligations Conjonctives, &c."

It is, therefore, ordered that the judgment be reversed, the exception overruled, and the case remanded for further proceedings, according to law, on the other pleas of the defendants ; the costs of the appeal, to be borne by the defendants and appellees.

*G. Strawbridge,* for the appellant.

No counsel appeared for the defendants.