The opinion of the court was delivered by
McEnery, J.
In order to promote the construction of the Houston Central, Arkansas & Northern Railroad through, the city of Monroe, connecting with the northwestern States, the city of Monroe, in accordance with existing law, ordered an election for the purpose of ascertaining whether a five mill tax for ten years should be voted to the road. The election was held, and the tax voted. After the election the city repealed the ordinance ordering the election, which ordinance also contained the contract between the city of Monroe and the railroad company. This tax was transferred by the railroad company to plaintiff.
The city refused to promulgate the returns, but it was mandamused to do so by this court.
*1290 This present Suit is for the purpose of compelling the city to levy a tax of five mills on all taxable property within the city for ten years, and in the alternative, if the five-mill tax for ten years is not allowed, then to command and order the levying of a five-mill tax for one year on the assessment roll of the year 1894.
The defences of the city as to all matters which preceded the ordering of the election, and the illegal votes cast at the election, may be eliminated from this controversy, as they have been disposed of in the suits between the same parties reported in the cases entitled Reynolds & Henry Construction Company vs. The Mayor and City Council of Monroe, 45 An. 1024; State ex rel. Reynolds & Henry Construction Company vs. The Mayor and Council of Monroe, 46 An. 1276.
The City Council was the sole judge whether or not the petition of the taxpayers, which only could be the basis of an election, was properly, legally and sufficiently signed.
And in the case of this plaintiff vs. the same defendant (46 An. 1278), we clearly intimated that the Oity Council was without authority to contest the validity of the election.which it had ordered. Its duty in ordering the election and promulgating the returns was purely ministerial, and in that ease we said: “If frauds are committed in the election of a character to vitiate the tax, or other causes exist to oppose it, the remedy is not to be sought in any discretion of the council. Instances are not infrequent of taxes of this character being resisted, nor has there been the least difficulty in finding suitable remedies where there is ground for their application, but remedy and relief is not by the refusal of the municipal authorities to perform ministerial acts.”
We also stated that if the frauds existed we are without authority to examine into the validity of the election, no jurisdiction for this purpose having been conferred upon this court. State vs. Judge Second Judicial District Court, 13 An. 89; State ex rel. Davis vs Police Jury, 43 An. 1009.
In this proceeding no taxpayer, or other party having a pecuniary interest in the payment or resisting of the tax, is complaining.
We may here add that in the case referred to, the pleas of prescription urged by the defendant were disposed of.
The only questions presented to us are whether there is evidence sufficient to show that the railroad company accepted from the *1291 Ouachita Valley Railroad Company its subscription stock in satisfaction of the tax voted, and whether the railroad company complied in time with its contract to build the road to the extent of making connections with the Northwest, and thus earn the five-mill tax for ten years. There is no question as to the earning of the five-mill tax, as this one-year tax was an absolute bonus. This question was settled in the eases referred to. The mandamus ordering the promulgation of the votes was necessarily based on the fact that the ■defendant was indebted to plaintiff for the one year five-mill tax.
The defendant offered witnesses to show that a sum of seventy-five thousand dollars had been subscribed to and collected by the Ouachita Valley Railroad, which was to occupy the territory of the Houston Central, Arkansas & Northern Railroad Company, and transferred to the latter by the former in consideration of the relinquishment of the tax voted by the city. The testimony was objected to by plaintiff, and the objection sustained. Apparently the judge’s reasons for rejecting the testimony are satisfactory.
But it will be unncessary to examine closely the reasons for his ruling, as the defendant recalled and placed on the stand F. G. Hudson, plaintiff’s witness, who had, at one time, possession of the books and papers of the railroad. In answer to a question of defendant’s attorney, he said he had, with the assistance of F. P. Stubbs, prepared a resolution on the report made by Maj. Bright on the subject of a proposition made by him to the Ouachita Valley Railroad Company, and the board passed a resolution on the subject, which was recorded in the minutes. He was asked by the defendant if he recollected the verbiage or substance of the resolution, and answered that he recollected the substance, but not its verbiage. He was asked to state it, and this was objected to by plaintiff. The ■objection was sustained. Plaintiff’s counsel then consented to Mr. Hudson stating the substance of the resolution, whereupon the defendant withdrew the question. The court, on the withdrawing of the question, denied the application for delay until a copy of the resolution could be obtained. This ruling was correct. The defendant had asked the witness as to his recollection of the substance of the resolution. This was all the defendant desired, and when it had an opportunity of obtaining this required information, it rejected it. It has no cause to complain. This disposes of the whole matter of the resolution, and it would be useless to notice the objection *1292 thereafter urged to the questions to, and the answers of, the witness as to the disposition of the stock of the Ouachita Valley road. The defendant was not taken by surprise. One of its attorneys had assisted in preparing the resolution, and must have known of its existence; and if there was an acceptance by it of the subscription stock of the Ouachita Valley Railroad, in lieu of the tax, it was too important to his client for him to have forgotten it.
In the case of Construction Company vs. Police Jury, 44 An. 863, the police jury set up this same defence, and we found that it had no existence.
This case is reported, and' the attorneys for the city must have known of the defence made by the police jury, and the existence of the resolution alluded to by Mr. Hudson. The city had ample time to procure a copy of it.
On the second ground urged by the defendant it is evident that the city owes only one year five-mill tax. The road was not completed in time so as to earn the ten-mill tax, This is virtually conceded by plaintiff in the suits reported in 45 and 46 of Annual Reports, referred to herein, in which the plaintiffs sued only for a tax of five mills for one year.
In case of Construction Company vs. Police Jury, involving almost identical issues with this, except the facts relating to the election, we said:
“ Plaintiff admits that a northern connection was not made within eighteen months, as required by the ordinance, and that only the first year’stax was earned. The northern connection was made about thirty days after the time expressed in the ordinance.”
The plaintiffs are not entitled to sue now for the entire tax, having abandoned it in the suits referred to. It is presumed the plaintiff will claim all that he is entitled to, which is demandable, growing out of a contract, and it is certain that he will not be permitted to divide his claim and sue the defendant in instalments.
The defendant insists, if the judgment is affirmed, that the tax be ordered collected on the rolls of 1889, and urges that the constitutional limit of taxation has been reached by the city in voting for. taxes for improvements on the supposition that the tax in aid of the railroad was null and void, and would never be enforced. The plaintiff asks that it be collected on the assessment roll of 1894. It is immaterial on what assessment roll it is levied, as the contract *1293 does not say in what particular year it should be paid. It was the duty of the city to provide for the payment, of the tax, and to have the assessment and collection made immediately after it was earned.
We will amend the judgment so as to order the assessment on the roll of 1889, and in case the limit of taxation has been reached during that year then on the roll of the year 1894.
It is therefore ordered and decreed that the judgment appealéd from be amended so as to order an assessment of a tax of five mills on the rolls of the year 1889, and in case the limit of taxation should have been reached that year or that there is any other reason why the full amount of the tax so ordered assessed can not be assessed and collected on the rolls for that year, it is ordered that an assessment of a five-mill tax be made on the rolls of 1894.
In other respects the judgment is affirmed, appellee to pay costs.
Ntcholls, O. J., absent.