No. 12,352.

STATE EX REL. HENRY G. DOBSON VS. E. F. NEWMAN, JUSTICE OF THE PEACE.

One single cause of action can not be split up and divided into a multiplicity of suits for the purpose of defeating the jurisdiction of the court to which the action jurisdictionally belongs; and that, if it be thus divided and the multiplicity of suits be consecutively filed in a court not constitutionally endowed with jurisdiction of the whole sum, or entire cause of action, same will be treated as one single suit, and our writ of prohibition will go to the judge of the court entertaining the suits and arrest their further progress.

ON APPLICATION for Writs of Prohibition.

*Thomas O. Benton* for Relator.

Respondent Judge *pro se.*

*Stubbs & Russell* for Golson Brothers, Respondents.

Submitted on briefs December 19, 1896.
Opinion handed down January 4, 1897.

The opinion of the court was delivered by

WATKINS, J. The relator's claim to relief is predicated on the following state of facts, viz.:

That the commercial firm of L. D. & G. T. Golson, doing business in the city of Monroe, within the jurisdiction of the respondent, Newman, filed in his court, simultaneously, seventeen suits having the consecutive numbers 115 to 131 inclusive, against him (the relator), each one of said suits being for the sum of ten dollars and aggregating one hundred and seventy dollars, an amount in excess of the jurisdiction of his court.

That these several suits are based upon open accounts of ten dollars each, dated on seventeen consecutive days, and all filed in respondent Newman's court on the same day, the 10th of November, 1896—same being identical in every respect except as to date, as

will be shown by reference to the copies of the several citations that are annexed to his petition for reference.

That the plaintiffs in said suits have but one cause of action, but they have been illegally, unjustly, maliciously and oppressively divided into seventeen different suits in order to avoid and evade the jurisdiction of the District Court and to deprive him (relator) of his legal right of appeal, to multiply the costs against him in favor of the respondent justice of the peace, and to " bring the courts of the State into contempt by making them the instruments of oppression, petty spite and vengeance."

That the respondent justice of the peace has no jurisdiction of the cause of action of said suitors, L. D. & G. T. Golson, and is not competent to entertain and decide same, thus illegally divided into seventeen different suits.

That he filed pleas to the jurisdiction of the justice of the peace in each of said seventeen different suits, but same were overruled; and that he (relator) subsequently applied to the judge of the Fifth Judicial District, for a writ of prohibition, and same was by him refused because the relief demanded was not in aid of *his appellate* jurisdiction—the several amounts being only ten dollars each.

The purport of the return of the respondents, making common cause, is, that Golson Brothers were and are engaged as green grocers, selling in the city of Monroe fish, oysters, fowl, eggs and game; and have been deriving a lucrative business for two years past in the stalls of the public market of that city, which they rented from the farmer or lessee thereof, paying in advance and daily the rent charge for same, as fixed by city ordinance governing said market.

That during the summer of 1896, the relator became the lessee of said market, to whom said Golson Brothers applied for the lease of certain stalls in which to conduct and operate their said business; but this privilege was by him arbitrarily and peremptorily refused, notwithstanding they made him a lawful tender of the full amount of the fees, he (relator) was entitled to demand and receive.

That on account of relator's refusal to lease Golson Brothers a stall, they were compelled to sell their goods away from the market; and, on that account, he (relator) caused them to be arrested for violating the city market ordinance which prohibited the sale of such articles at other places than the public market place.

That  respondents,  Golson  Brothers,  repeated  their  tenders and demands daily, for the rent of stalls for a number of days, but without avail; and they continued to  make  their  sales  as  aforesaid for a number  of days,  continuously,  and  were  just  as  frequently and continuously arrested and fined for the same for seventeen consecutive days.

"That the persistent and  malicious refusal of  said  (relator) Dobson to accept the rental from day to day as tendered inflicted a daily loss on respondents (Golson Brothers) each day, independent of the other,  the damage each day being caused by the refusal on that particular day;  and that while the course pursued by (relator) Dobson, a  public  servant  or  functionary,  was  clearly vindictive  and  malicious,  there  was  no  other  way  whatever  by  which  he could  be brought  to  an  appreciation  of  the  daily  wrongs and  injustices he was inflicting on respondents (than) by reminders in a court where the  law's  delays  would  be  duly  available  in  the  *minimum*.    And (that)  it  was only after the trial of two suits, and the filing and service of  seventeen other cases, of which (the relator) now complains, that  he  saw  his  duty  as  a  *quasi*-public  officer and  accepted  the tender  on  the  11th  of  November,  1896,  and  permitted  respondents (Golson  Brothers)  after  tedious  and  expensive  delays,  to  resume their  business.

"That each day's tender of rent by respondents (Golson Brothers) and  the  peremptory  and  unreasonable  refusal  thereof  by  Dobson, was a distinct and separate cause of action;  and while respondents, if they had seen proper, might have cumulated their several  causes of action into one suit, they were not aware of any provision of law which  required  them  so  to  do,  and  they  therefore  adopted  the plan which in their judgment would soonest bring Dolson, market lessee, to a sense of his ridiculous attitude and relieve them from his malicious ·and  unwarranted  impediment  to  the  exercise  of  their  usual calling.

"That the persistent and  malicious refusal, each  day,  by  Dobson, relator, to permit (Golson Brothers) respondents to pursue, legally, their chosen business, was a separate and distinct cause of action— each a *quasi*-offence against the rights of respondents."

The case may be said to fairly stand upon the foregoing  synopsis of the petition  and  return, as the exemplifications  from the records of  the  respondent  justice  of  the  peace  annexed  thereto  fully sub-

stantiate same, and there is, practically, no difference between the two.

In the brief of relator's counsel it is stated that at the public letting of the market the respondents (Golson Brothers) were unsuccessful competitors of the relators, and that when they subsequently demanded the right to rent a stall, it was refused upon the ground that the lessee was prohibited from renting to them because they are in arrears to the city on account of their former lease.

Counsel also attracts our attention to the fact that relator was not only supported by the city charter and ordinances in the position relator had assumed, but, further, to the fact that the lease of a stall in the market was a *continuing* one, for a fixed and definite period of time, notwithstanding the dues therefor were payable daily by the lessees thereof.

The question tersely stated is, whether the respondents, Golson Brothers, had several different causes of action, suable separately, or only one cause of action which could be properly determined in one suit.

A casual inspection of the return of respondents, as indicated in the foregoing extracts therefrom, will plainly show that the cause of action stated is one *ex delicto* for damages alleged to have resulted from the refusal of relator to lease them a market stall; and it is equally plain that it constitutes but a single indivisible cause of action, notwithstanding the right to lease a stall was demanded by them on seventeen consecutive days, and said demand was met by as many consecutive refusals by the relator.

For all practical purposes, one single demand, accompanied by an appropriate tender, was enough; and if his right be conceded to repeat the demands to the number of seventeen they might, with equal propriety, have been continued indefinitely.

But we need not go outside of the respondents, Golson Brothers return, for the *gravamen* of the dispute which superinduced and controlled their proceedings and animated them in the course they pursued, for it says " that while the course pursued by Dobson, a public servant and functionary, was clearly vindictive and malicious, there was no other way whatever (by which) he could be brought to an appreciation of the daily wrongs and injustices he was inflicting on (them) than by reminders *in a court where the law's delays would be only available in the minimum.*"

And again: "That it was only after the trial of two suits (previously filed) and the *filing and service of seventeeen other cases* of which (the relator now complains) that he saw his duty as a *quasi*-public officer, and accepted the tender, on the 11th day of November, 1896, and permitted them, after tedious and expensive delays, to resume their business," styling the relator's conduct a *quasi*-offence.

Taken altogether, it is quite evident that this multiplicity of small suits for unappealable amounts, instituted in the court of the respondent justice of the peace, was resorted to by the other respondents, Golson Brothers, for the purpose of inflicting a punishment upon the relator, and that the intended purpose had been thereby, in a great measure, accomplished.

Can a series of small suits, thus contrived and designed, be recognized and sustained as jurisdictional?

In Reynolds & Henry Construction Company vs. Mayor and City Council of Monroe, 47 An. 1289, it was held that a creditor "will not be permitted to divide his claim and sue the defendant in instalments."

In State *ex rel.* Rosetta Gravel Paving and Improvement Company vs. Judges, 47 An. 1301, it was held that "when several suits, identical in every respect, are filed for the purpose of obtaining the allotment of one to a certain division of the Civil District Court, the first assignment of one will carry the others to the same division, as there is but *one case* in fact and in law."

In French vs. Landis, 12 Robinson, 633, the court said:

"But it is clear that the action can not be divided, and a part sued for in that case and a part in this. If judgment were rendered against the defendant in that case, for the sum demanded as damages for malfeasance in office, we think it clear it could be pleaded in bar to the present action founded on the same cause." C. P. 335.

In State *ex rel.* Schoenhausen vs. Judge, 47 An. 701, we made a writ of prohibition peremptory against the respondent for having exceeded the bounds of his jurisdiction in having sentenced the relator to several distinct and different periods of punishment for several distinct and different contempts of his court in having disobeyed his order of injunction on several different consecutive days, the opinion employing these words, viz.:

" If it is competent to divide the offence of conducting a saloon in

State ex rel. Dobson vs. Justice.

-disregard of the law, into parts corresponding with the number of nights the saloon has been opened, and thus authorize eight sentences of ten days each, propounded at the same time on eight different rules, there could be no potency in the law fixing the *maximum* penalty for contempt at ten days' imprisonment. The same theory of dividing the offence into parts might be extended to the hours of the days of opening, treating each hour as a distinct offence, and thus sanction an indefinite and prolonged imprisonment, notwith-standing the limitation of ten days in the Code."

Like principles were stated and sustained in State *ex rel.* Garvey *et al.* vs. Whitaker, Recorder, 48 An. 528, wherein a city recorder was restrained by a writ of prohibition from entertaining jurisdiction and maintaining against the relators a multiplicity of prosecutions growing out of the same transaction, at a number of consecutive periods of time in one night.

In Clerc vs. Boudreaux, Mayor, 38 An. 732, this court held that a justice of the peace has no jurisdiction *ratione materiæ* to entertain a suit in which damages are demanded, and defendants are enjoined " from claiming and collecting daily charges for the use of a market stall," etc.

From all of the foregoing adjudications we can easily gather the principles which must control our decision of this case, and they are, that one single cause of action can not be split up and divided into a multiplicity of suits for the purpose of defeating the jurisdiction of the court to which the action jurisdictionally belongs; and, that, if it be thus divided and the multiplicity of suits be consecutively filed in a court not constitutionally endowed with jurisdiction of the whole sum, or entire cause of action, same will be treated as one single suit and our writ of prohibition will go to the judge of the court enter-taining the suits and arrest their further progress.

That is the situation which is confronting us now. The respondents, Golson Brothers, feeling themselves aggrieved at relator's declination of their demand to lease a market stall, filed seventeen suits for unappealable amounts, representing a single claim for damages *ex delicto*, in the court of the respondent justice of the peace, not possessing jurisdiction of the single cause of action.

To our thinking, it is clear, that the respondent, justice of the peace, exceeded the bounds of his jurisdiction in entertaining said seventeen suits, and our writ of prohibition should be made peremp-

tory as to all respondents, forbidding them, or either of them, to take any further proceeding therein.

It is therefore ordered and decreed that the provisional writ of prohibition be made peremptory and that all cost, be taxed against the respondents *in solido.*