## 5374.

(Court of Appeal, Parish of Orleans).

## GAIENNIE CO., LTD. vs. A. BOUCHEREAU.

A contract which sets forth distinct considerations for different objects, although for one main purpose only, is legally divisible, and gives to as many different obligations as there are different objects, all of which may be severally discharged or enforced.

Appeal from the First City Court, Division "C"

Buck, Walshe & Buck, F. W. Magne, for plaintiff and appellant

H. L. Garland, E. D. Saunders, for defendant and appellee.

ST. PAUL, J.—Plaintiff contracted to do certain plumbing work for defendant for the fixed price of $66.50 and in the same contract, to lay certain sewer pipes at 30 cents per running foot, if permitted by the Sewer Board. This permission was granted and 160 feet of pipe were laid. The plumbing was also completed.

Plaintiff then filed two suits in the City Court on the same day, one for the price of the plumbing, $66.50; and the other for the sewer pipes. $48.00.

The suit first mentioned was prosecuted to final judgment and resulted in a judgment for the plaintiff.

Plaintiff then undertook to prosecute the second suit and was met with the objection that, having claimed in the first suit less than was due, it cannot now recover the balance; and defendant relies on Articles 91 and 156 of the Code of Practice.

After mature consideration we conclude that, under

the jurisprudence those articles have no application to the case at bar.

In **American Mfg. Co. vs. Massman, 7 Court of App. 256,** we held, following **Brandagee vs. Chamberlain, 2 Rob. 207,** and **In re Dimmick, 111 La. 658,** that those articles prohibited only "the dividing of a single and indivisible debt, and suing on each part severally;" that they had no application to separate and distinct debts "nor where the debt is divisible and the different parts or installments are demandable severally, or at different times."

In the case at bar the debt appears to us clearly divisible, and to have been made so **ex industria.** Two different objects were contracted for; the one absolutely, the other conditionally only. The considerations were also kept distinct; for the plumbing a fixed price was agreed upon, the price for the sewer pipes was to be so much per foot.

Thus it was held in **Glaze vs. Sheriff, 40 An. 692,** that a contract is legally divisible "which sets forth two distinct considerations for two different objects, although for one main purpose only."

A contract of this sort creates what the Civil Code designates a "conjunctive" obligation, giving rise to "as many different obligations as there are different objects," all of which may be severally discharged or enforced. **C. C. 2063, 2065.**

It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiff and appellant, Gaiennie Co. Limited ,and against defendant and appellee, A. Bouchereau, for the full sum of $48.00 (Forty-eight dollars) with legal interest from judicial demand and costs of both Courts.

December 4th, 1911.

## ON REHEARING.

GODCHAUX, J.—This case was an appeal from a City Court and under the constitutional provision was heard by one of the Judges alone, the present writer. Having heard all of the evidence and the argument of counsel and the matter having been submitted to him he reached the conclusion that the case was with plaintiff, to which conclusion he adheres. But having some doubt as to the exception based on Articles 91 and 156 C. P., that question was referred to the Court en banc, and was the matter exclusively discussed in the opinion. Having reached the conclusion that the exception was not well founded, it followed, necessarily, that the judgment must be for plaintiff, hence the decree of the Court in which the Judge who heard the case participated and concurred.

Consequently, the contention that the Court was not empowered to render a decree on the merits is not well founded and the rehearing on this and other grounds mentioned in the application is accordingly refused.

December 18, 1911.

January 30, 1912, writ granted by Supreme Court.