GITZ & GEIER v. CARROLL ET AL.

(November 13, 1928. Opinion and Decree.)

Arthur Landry, of New Orleans, attorney for plaintiff, appellee.

H. G. McCall, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit on a verbal contract for the sum of $232.15, for labor and materials furnished and used in the bulding, 2005 Magazine Street, City of New Orleans, for defendant's account. The defense consists of an exception to the jurisdiction of the Court rationæ materiæ. On the merits, the only contention arises over an item of $55.00, charged for the trussing of the unsafe portion of the roof of the building referred to.

The main reliance of defendant is upon the exception. In overruling this exception the trial judge gave the follownig written reasons, which we approve:

"The defendants filed an exception to the jurisdiction of the Court, rationæ materiæ, alleging in substance that the contract was for $777.15, less a credit of $300.00, which was paid on account. That the said contract was one indivisible obligation for more than $300.00. That in this suit and in the suit No. 148,503 (Section) of this Court, the plaintiffs have divided the amount claimed to be due them into two separate claims, each for less than $300.00.

"The Code of Practice, Art. 91, as amended by Act 293 of 1926, approved November 2, 1926, gives this Court concurrent jurisdiction with the Civil District Court of all suits above $100.00, and not exceeding $300.00, exclusive of interest.

"C. P. 91. 'When the jurisdiction of the Judge before whom a suit is brought, is limited to a certain sum, the question of jurisdiction must be decided by the amount claimed, and not by the sum actually due * * * but if one, in order to give jurisdiction to a Judge, demand a sum below that which is really due to him, he shall be presumed to have remitted the overplus and after having obtained judgment for the sum claimed, he shall lose all right of action for that overplus.'

"C. P. 156. 'If one demands less than is due him and does not amend his petition in order to augment his demand, he shall lose the overplus.'

"'A suit brought in the First City Court to recover the sum of $80.00, alleged to have been paid under a contract declared to have been abandoned by them discloses on its face a cause falling within the jurisdiction of that court. * * * The issues stated are matters of defense, and what is set up by defendants in defense does not oust the Court's jurisdiction over a claim by plaintiff, which as stated, falls legally within the jurisdiction of that Court.' Schick vs. Corbett, 52 La. Ann. 180, 26 So. 862.

"While it is true that the law abhors a multiplicity of suits, and aims at protecting parties against the annoyance of repeated law suits in regard to the same subject matter (Stafford vs. Stafford, 25 La. Ann. 223; Reynolds vs. Mayor, etc., 47 La. Ann. 1289, 17 So. 802, and State ex rel. Dobson vs. Newman, 49 La. Ann. 52), the evidence taken in this matter to determine whether or not the Court has jurisdiction (State ex rel. Rothang vs. Judge, 34 La. Ann. 1142, and Elster vs. Picou, 144 La. 1052, 81 So. 710), shows that the work done herein was the repairing of a building at a fixed price for each portion or part of work to be done; the parties practically agree as to the cost of each portion and the character of work to be performed,

but disagree as to whether it was a single contract."

Counsel, in their briefs in this Court, called our attention to the case State ex rel. Henry G. Dodson vs. E. F. Newman, Justice of the Peace, 49 La. Ann. 52, 21 So. 189, from which the following is quoted:

"One single cause of action cannot be split up and divided into a multiplicity of suits for the purpose of defeating the jurisdiction of the Court to which the action jurisdictionally belongs;" and "if it be thus divided and multiplicity of suits be consecutively filed in a Court not constitutionally endowed with jurisdiction of the whole sum, or entire cause of action, the same will be treated as one single suit, and our writ of prohibition will go to the judge of the court entertaining the suits, and arrest their further progress."

If the suit before us, could be treated as a part of the other suit, referred to by counsel as pending in the First City Court, and considered as one suit, and if the judge of that court should be prohibited from entertaining the suits, and, their future progress arrested by a writ of prohibition, as was done in the cited case, by the Supreme Court, counsel should have invoked the supervisory jurisdiction of the Supreme Court, for it alone has the authority and capacity to afford the relief which he seeks. The several Courts of Appeal of this State have no supervisory jurisdiction and may issue writs of mandamus, certiorari, prohibition, etc., only in aid of their appellate jurisdiction. State ex rel. Louis A. Majendie vs. Constable of First City Court et al., 1 La. App. 139.

On the merits, the defense does not appear to be serious, in fact, was not argued in this Court at all.

For the reasons assigned, the judgment appealed from is affirmed.