FOURNET, Justice.
 

 On July 20, 1936, Dr. Harold L. Kearney, respondent herein, filed two suits against relator, John J. Fenerty, in the First city court in and for the city of New Orleans, bearing Nos. 207,803 and 207,804, respectively.
 

 Suit No. 207,803 is based upon an alleged indebtedness of $175, together with interest and attorney’s fees, represented by seven promissory notes, made and signed by relator on May 5, 1936, for the sum of $25 each, being numbered 1 to 7, both inclusive, and maturing on the first of each succeeding month, beginning on June 1, 1936. It is alleged that it was agreed that the failure to pay any one note at maturity would accelerate the maturities of the remainder of the notes.
 

 Suit No. 207,804 is based upon an alleged indebtedness of $200, together with interest and attorney’s fees, represented by eight promissory notes, executed and signed by the relator on the same date as those in the first suit, each for the same amount of $25, being numbered 8 to 15, both inclusive, and maturing on the first of each succeeding month, beginning on January 1, 1937. The petition also contains the allegation as to the acceleration of the maturities of the notes, and, moreover, that “said notes are part of an original series numbered one (1) to fifteen (15), made on May 5, 1936, each being payable one to fifteen months after date respectively; none of which have been paid,” and that “Dr. Harold L. Kearney is the holder of the entire series of fifteen (15) notes.”
 

 Relator (defendant) filed an exception to the jurisdiction of the court ratione materiae in both suits, on the ground that all of the notes and the total indebtedness grew out of the same transaction and that the aggregate amount involved exceeded the jurisdictional amount of the court; and that the respondent divided his demand into two suits to confer jurisdiction on the First city court and to cause the defendant the expense of defending a multiplicity of suits.
 

 The exception in suit No. 207,803 was overruled .and judgment was rendered on the face of the pleadings in the amount of $75, together with interest and attorney’s
 
 *865
 
 fees. Defendant applied to this court for writs of certiorari and prohibition, and we issued a rule nisi, returnable on October 13, 1936. The matter is now before us for review.
 

 It is a well-settled rule of law that “one single cause of action cannot be split up, and divided into a multiplicity of suits, for the purpose of defeating the jurisdiction of the court to which the action jurisdictionally belongs; and if it be thus divided, and the multiplicity of suits be consecutively filed in a court not constitutionally endowed with jurisdiction of the whole sum, or the entire cause of action, the same will be treated as one single suit, and our writ of prohibition will go to the judge of the court entertaining the suits, and arrest their further progress.” State ex rel. Dobson v. Newman, 49 La.Ann. 52, 56, 21 So. 189. See, also, Reynolds & Henry Construction Co. v. Mayor of city of Monroe, 47 La.Ann. 1289, 17 So. 802, State ex rel. Rosetta. Gravel Pav. & Imp. Co. v. Judges of Civil Dist. Court, 47 La.Ann. 1601, 18 So. 632, and Corpus juris, Vol. 15, pp. 773.
 

 But it is the contention of respondent that “it is immaterial that the no,tes held by the respondent arose out of the same transaction,” because the amount which relator promised to pay was divided into fifteen installments, represented by the fifteen notes, and, therefore, constitutes separate or conjunctive obligations on which separate suits may be filed, under the express provisions of article 2065 of the Civil Code, and the authority of the case of Jacob Brandagee v. T. G. Chamberlin, 2 Rob. 207.
 

 Article 2065 of the Civil Code provides:
 

 “Where a sum is promised to be paid at different' instalments, a conjunctive obligation is created, and the payment may be severally paid or enforced. Rents, payable at fixed periods, come also under this rule.”
 

 The case of Brandagee v. Chamberlin, supra, is not authority for the contention advanced by counsel, for in that case plaintiff sued defendant for rent due him for the months of June, July, August, and September, and the defendant pleaded in defense thereto that he had been sued by the plaintiff during the month of November for rent due for the month of May preceding, and having failed to claim the past-due rent for those four succeeding months at that time, he forfeited his right to do so under the express provisions of articles 91 and 156 of the Code of Practice. This point was sustained by the lower court, but on appeal to this court the judgment of the lower court was reversed under the authority of article 2065 of the Civil Code. It is obvious that the case is not in point. Article 2065 of the Civil Code has no application because here there was an acceleration stipulation which matured the notes as one obligation at the same time.
 

 It is our opinion that relator is indebted to respondent in the amount of $375, exclusive of interest and attorney’s fees, payable in fifteen installments of $25 each, represented by as many notes, which became a single matured obligation on June 1, 1936, by virtue of an' acceleration agreement entered into by them at the time of the execution of the notes and cannot, therefore, be divided into two suits in or
 
 *867
 
 der to confer jurisdiction on the First city court of the city of New Orleans which has concurrent jurisdiction with the civil district court in suits involving amounts above $100 and not exceeding $300, exclusive of interest and attorney’s fees. Const.1921, art. 7, § 91, as amended.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the rule nisi be made absolute, the writs of certiorari and prohibition are perpetuated, the exception to the jurisdiction of the court ratione materias is sustained, and the plaintiff’s suit is' dismissed' at his cost.