## BAIRD v. THIBODO.

### No. 17480.

Court of Appeal of Louisiana. Orleans.

Jan. 13, 1941.

F. S. Weis, of New Orleans, for appellant.

Edward Rightor and W. H. Sellers, both of New Orleans, for appellee.

WESTERFIELD, Judge.

F. E. Thibodo was employed by the Parish of Jefferson to do certain work in-volving excavation of public streets in the Metairie section of the Parish near the residence of George D. Baird. On the 27th day of April, 1940, Baird brought two suits against Thibodo in the First City Court, one for $100 and the other for $300. In the suit for the smaller amount he alleged:

"That on a date between August 14, 1939 and August 26, 1939, the exact day being unknown to petitioner, the said Thibodo, entirely without the knowledge and consent of your petitioner, through his agents and representatives, trespassed and entered upon and remained upon and in possession of the above described property belonging to petitioner for two or three days, the exact length of time being unknown to petitioner, and placed upon said property and upon the sidewalk adjacent thereto, above described, large power digging machines and other hand and power machinery and broke and damaged said sidewalk adjacent to petitioner's said property to the loss and detriment of petitioner, in the following respects, to-wit: by damaging and breaking the said sidewalk to such an extent as to make it necessary to reconstruct them."

In the suit for the larger amount the cause of action is stated in identical language up to and including the words "large power digging machines and other hand and power machinery" and concludes with the statement that petitioner's property was damaged "by breaking down and destroying ten or more ornamental trees then and there growing on said property".

The smaller suit was tried first and resulted in a judgment in favor of defendant maintaining an exception of no cause of action and dismissing plaintiff's suit. That judgment on appeal to this Court, according to the practice obtaining, was heard by one of the judges hereof, the author of this opinion, and affirmed on the ground that an abutting proprietor cannot maintain an action for damages to public streets and sidewalks. Articles 453, 454, 458 and 482 of the Revised Civil Code; Judice v. Village of Scott, 168 La. 111, 121 So. 592; Varnado v. City of Baton Rouge, 5 La.App. 238.

The defense to the larger suit, though articulate in form as required by the Pleading and Practice Act, was, in effect, a general denial, followed by an exception of no cause of action which was filed on the day of trial, June 25, 1940, the same day on

which the smaller suit had been tried in another section of the Court. This case was taken under advisement, and on July 9, 1940, reopened, whereupon counsel for defendant announced:

"In addition to the exception of no right or cause of action filed in this matter, I now file this morning, an exception to the jurisdiction of this court, rationae materiae; that the rights of plaintiff against defendant have previously been adjudicated in suit No. 284-820 of the docket of this court (the smaller suit) and that any other claim of plaintiff against defendant has abated and been remitted."

After hearing argument the Court overruled the exception of no cause of action but maintained the exception to the jurisdiction of the court and dismissed the suit, whereupon after a motion for a new trial had been denied, an appeal was taken to this Court.

For convenience we will refer to the smaller suit as the "sidewalk suit" and the larger suit as the "tree case". The contention of the appellee is that both suits are based upon the same cause of action and that there can be no splitting of the same cause of action. Article 156 of the Code of Practice declares that "if one demands less than is due him, and do not amend his petition, in order to augment his demand, he shall lose the overplus".

In Kearney v. Fenerty, 185 La. 862, 171 So. 57, 58, the Court said:

"It is a well-settled rule of law that 'one single cause of action cannot be split up, and divided into a multiplicity of suits, for the purpose of defeating the jurisdiction of the court to which the action jurisdictionally belongs; and if it be thus divided, and the multiplicity of suits be consecutively filed in a court not constitutionally endowed with jurisdiction of the whole sum, or the entire · cause of action, the same will be treated as one single suit, and our writ of prohibition will go to the judge of the court entertaining the suits, and arrest their further progress.' State ex rel. Dobson v. Newman, 49 La.Ann. 52, 56, 21 So. 189. See, also, Reynolds & Henry Construction Company v. Mayor .of City of Monroe, 47 La. Ann. 1289, 17 So. 802, State ex rel. Rosetta Gravel Paving & Improvement Company v. Judges of Civil District Court, 47 La.Ann. 1601, 18 So. 632, and Corpus Juris, Vol. 15, pp. 773."

In Re Dimmick's Estate et al., 111 La. 655, 35 So. 801, in the syllabus written by the Court, it was said:

"Article 156 of the Code of Practice, by which a litigant who demands less than is due him is held to have abandoned the overplus, does not compel a litigant to include in his suit all the moneyed demands he has against his debtor, under penalty of being held to have abandoned those not included. It only forbids the dividing of one debt for separate suits".

The question to be determined here is whether these two suits grow out of the same transaction and involve the same delict or tort. The rule with respect to the division of one debt into separate suits applies as well to obligations ex delicto as to those ex contractu. Reynaud v. Champagne, 14 Orleans App. 179; Reed v. Warren, 172 La. 1082, 1097, 136 So. 59.

The sidewalk suit is one for damage which the plaintiff is alleged to have suffered because the excavating machines "broke and damaged said sidewalk adjacent to petitioner's said property to the loss and detriment of petitioner", whereas, in the tree suit the excavating machines were placed "on and damaged petitioner's said property" by breaking down and destroying ten or more ornamental trees then and there growing on said property". It is true that in each petition the time the alleged tort was committed is stated as "between August 14, 1939 and August 26, 1939, the exact day being unknown to said petitioner",.but even though it may be said that the damage was caused on the same day or in immediate succession the cause of action is not the same. As a matter of fact, an exception of no cause of action was maintained to the petition in the sidewalk suit, whereas in the present case .a similar exception has been overruled. Assuming that these exceptions were properly disposed of, and we believe that they were, it would seem, therefore, that the two suits were based upon different transactions, one of which gave rise to a cause of action and the other did not—a marked distinction. The sidewalk case was one in which the damage to plaintiff's property was said to have been occasioned by the destruction of the sidewalk which means, we take it, that the convenience of having a good and unbroken sidewalk in front of plaintiff's house was destroyed. This we held was the concern of the Parish authorities and not plaintiff, whatever in-

convenience may have resulted to plaintiff being damnum absque injuria as far as he and the defendant were concerned. But plaintiff's trees on his own property is quite another matter and if defendant has destroyed the trees plaintiff should recover.

For the reasons assigned it is ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and it is now ordered that there be judgment overruling the exception to the jurisdiction rationae materiae. It is further ordered that this cause be remanded to the First City Court of New Orleans for further proceedings according to law and not inconsistent with the views herein expressed.

Reversed and remanded.