HAROLD BEIZER *v.* DICTOGRAPH PRODUCTS, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 3-676-6950

Argued May 5—decided June 20, 1969

*Robert H. Hall,* of Waterbury, for the appellant (defendant).

*Abram W. Spiro,* of Danbury, for the appellee (plaintiff).

DEARINGTON, J.   The plaintiff was a payee and holder of a series of thirty-one notes executed by the defendant, and it was alleged in his complaint that these notes had not been paid.  The defendant, while admitting the existence of the notes, denied nonpayment and by way of a special defense claimed (1) the Circuit Court lacked jurisdiction and (2) cancelation by way of the acceptance of the indebtedness represented by the notes of a new obligation. After a trial, judgment was rendered for the plaintiff, and the defendant has appealed.  In its appeal,

the defendant has assigned error in the denial of its motion to expunge, in the denial of its motion to correct the finding, and in the conclusions reached by the court.

We first consider the assignment of error attacking the court's finding. There was evidence from which the court could reasonably have found certain facts which the defendant sought to strike. The other corrections claimed, even if made, would neither assist the defendant nor change the result in any way. *Taylor* v. *Taylor,* 154 Conn. 340, 341. Moreover, the question of credibility is for the trier. Ibid. The defendant has also attacked each of the four conclusions reached by the court as not being supported by the subordinate facts. The real claim of error, however, relates to a jurisdictional issue. We are satisfied the conclusions have adequate support. We will, however, hereinafter consider the jurisdictional question.

In our consideration of the defendant's principal assignment of error relating to jurisdiction, a brief background as reflected in the finding is necessary. In October, 1960, the plaintiff sold his business to the defendant. As part of the consideration the defendant delivered to the plaintiff a number of shares of its stock, a subordinated note in the amount of $17,782 and an employment contract for a period of five years or as long as the note remained unpaid. On October 13, 1965, the note remained unpaid and a subordination agreement was entered into by the parties whereby the defendant paid the plaintiff $5000 and issued a series of forty-nine notes maturing in monthly sequences over a period of forty-nine months. Interest on these notes was payable in the same manner (twice a year) as provided for in the original note, which was canceled. The face value of each note varied from $182 to $400, and each note contained a default clause, which

provided that, upon nonpayment of any note, any or all of the remaining notes, at the election of the holder, shall forthwith become due and payable.[1] The nineteenth note was not paid at maturity, and the plaintiff thereupon exercised his option and demanded payment of the remaining notes, numbers twenty through forty-nine.

The plaintiff set forth in his complaint thirty-one counts, each alleging nonpayment of one of these notes and each count contained a separate claim for damages for the note therein set forth. In short, each count alleged a separate and distinct cause of action. The defendant moved to expunge for the reason that the complaint was repetitious and prolix in this respect. Practice Book § 100. The defendant concedes, however, that the jurisdictional issue is the real question on appeal and its adjudication would render the court's action on the motion to expunge of little significance.

Before reviewing the question of jurisdiction it perhaps should be noted that this issue was raised in the defendant's special defense. Ordinarily if want of jurisdiction appears on the face of the record, it is properly tested by a motion to erase. Practice Book § 94; *Carten* v. *Carten,* 153 Conn. 603, 610; *Village Creek Homeowners Assn., Inc.* v. *Public Utilities Commission,* 148 Conn. 336, 339.

The defendant contends that the entire transaction should be construed as one single cause of action and that therefore the plaintiff had but a

[1] "This note is one of a series of 49 notes of even date herewith, aggregating $12,782.00. It is understood and agreed that in the event of the nonpayment of any one of said series and such default continue for a period of -5-days, then at the option of the holder of any of the said notes, all or any part of the remaining unpaid notes shall forthwith become due and payable. The failure to assert this right shall not be deemed a waiver thereof. Subject to a subordination agreement dated October 13, 1965."

single claim. If so treated the aggregate amount of the several notes ($9782) would exceed the jurisdictional limit ($7500) of the Circuit Court. General Statutes § 52-2a. A single cause of action cannot be split up and divided into a multiplicity of suits for the purpose of defeating the jurisdiction of the court to which the action jurisdictionally belongs. The application of such a rule depends, of course, on whether the court properly considers the several claims to be part of an entire and indivisible claim or actually a series of separate claims. 20 Am. Jur. 2d, Courts, § 164. We are here concerned not with a multiplicity of suits but rather with a multiplicity of counts set forth in one single action. The court concluded that each note was a separate and distinct cause of action founded on contract and in so doing reasoned that such treatment brought the matter within the purview of General Statutes § 52-39.[2] This statute provides that, in the event of two or more claims founded on separate contracts, judgment may be rendered on each count in an amount not exceeding the jurisdictional limit, even though the sum total exceeds such limit. Judgment was rendered individually on each count and in no count did the amount so awarded exceed $400.

"No formula has been devised which furnishes a test for determining in all cases what contracts are severable and what are entire. The primary criterion

---

[2] "Sec. 52-39. DISTINCT CLAIMS; SEPARATE COUNTS; JURISDICTION. Whenever any person owns two or more claims founded on contract, express or implied, against another, or other persons jointly, and each of such claims is founded upon or evidenced by separate and distinct contracts, the person so owning such claims may sue for them in separate counts in his complaint, and any court whose jurisdiction is limited by the amount in controversy or in demand may render judgment for the amount found due on each count and the interest thereon; provided the judgment on any count shall not without such interest exceed the jurisdiction of such court. Any judgment so rendered in favor of the plaintiff shall state upon which of such counts such judgment was rendered."

for determining the question is the intention of the parties as determined by a fair construction of the terms and provisions of the contract itself, by the subject matter to which it has reference, and by the circumstances of the particular transaction giving rise to the question." 17 Am. Jur. 2d, Contracts, § 325. Each of the notes in question was separate and distinct in that each contained its own consideration, each matured at a different time, and each contained an acceleration clause which would not affect its character as a promissory note. 11 Am. Jur. 2d, Bills and Notes, § 181. Each note was a unilateral contract. 17 Am. Jur. 2d, Contracts, § 5. While the notes were nonnegotiable since each was subject to a subordination agreement; General Statutes § 42a-3-105 (2) (a); each was transferable or assignable. Furthermore, the subordination agreement provided that "[n]one of the new notes will be restricted in any way as to Beizer's right to make presentment and receive payment as each note comes due." In accordance with the terms of the acceleration agreement, the plaintiff elected to treat the remaining notes in default and set forth each note as a separate and distinct cause of action in his complaint.

"The general rules governing joinder of causes in civil actions are applicable to actions on bills or notes. . . . In accordance with the general rules governing such matters, if a person has two or more separate causes of action on bills or notes against another he may, in the absence of a controlling statute or rule of practice, and subject to the power of the court to order consolidation, bring separate actions, even if a joinder of the separate causes in one action is permissible, as in the case of separate notes given in or growing out of the same transaction all of which have matured; but the owner of a single or entire cause of action or an entire and

indivisible demand on a bill or note cannot, without the consent of the person against whom the cause or demand exists, divide or split that cause of action or demand so as to make it the subject of several actions." 12 Am. Jur. 2d, Bills and Notes, § 1026, and cases cited. In the case at bar each note furnished a different cause of action for each was an independent obligation. *Johnson* v. *Cooke,* 85 Conn. 679, 681, 683; *Goodrich* v. *Stanton,* 71 Conn. 418, 424; *Rosenthal* v. *Waterbury Companies, Inc.,* 16 Conn. Sup. 205, 207; *Berner* v. *Manning,* 7 Conn. Sup. 247, 248. For power of court to consolidate actions arising out of the same transaction, see *Rode* v. *Adley Express Co.,* 130 Conn. 274, 277. Ordinarily, the rule against "splitting a cause of action" applies only when several actions are brought as a result of dividing a single or indivisible cause of action. See 39A Words and Phrases (Perm. Ed.) for definitions of "Splitting a Cause of Action." We are of the opinion that each note represented a distinct contract and that the acceleration clause gave the plaintiff the privilege of bringing a single action, upon default of any note, setting forth the remaining notes in separate counts, and that procedure falls within the purview of General Statutes § 52-39. Since each claim was joined in one suit, the jurisdiction of the court was determined by the amount demanded on each claim separately, and each amount was within the jurisdiction of the Circuit Court. General Statutes § 52-2a; *Lewis* v. *Rosen,* 149 Conn. 734, 736.

The case cited by the defendant, such as *Burritt* v. *Belfy,* 47 Conn. 323, and *Kearney* v. *Fenerty,* 185 La. 862, are not controlling. In *Burritt* the court was dealing with monthly rentals and treated the matter as one continuous implied contract for use and occupancy. In *Kearney* the facts more closely parallel the instant matter but are distinguishable.

The plaintiff was the holder of a series of notes, each containing an acceleration stipulation which matured the notes as one obligation at the same time upon default of a single note. The court held that action on such an obligation after maturity could not be divided into two separate actions in order to confer jurisdiction. Moreover, the provisions of the Civil Code in Louisiana (art. 2065) relied upon by the plaintiff are markedly different from the provisions of General Statutes § 52-39.

But one other phase of the case requires consideration. The defendant contends that it is a violation of the rules of pleading to include prayers for relief other than at the foot of the complaint. *Chapin* v. *Chapin,* 155 Conn. 691, 692; *Goodrich* v. *Stanton,* 71 Conn. 418, 425; Stephenson, Conn. Civ. Proc. § 72. Such a requirement is procedural and in no way affects the jurisdictional issue. Compliance with this rule would have required the plaintiff, in addition to separate prayers in each count, to have also included a prayer for relief at the foot of the complaint. But it may be said that where, as here, a multiplicity of counts were set forth relating to a series of notes, it was of greater assistance to the trial judge in his analysis of the case to have included in each count the amount of damages claimed in that count. Section 52-39 of the General Statutes provides that judgment may be rendered "for the amount found due on each count." Thus, the complaint would conform with the judgment and render the latter more readily understandable.

There is no error.

In this opinion KOSICKI and KINMONTH, Js., concurred.