DOMENGEAUX, Judge.
James Michael Foret sustained a disabling injury while working as a roughneck for the Reading and Bates Offshore Drilling Company on October 16, 1971. At the time of the accident, he was covered by a group long term disability policy issued by Aetna Life & Casualty Company. Under the terms of the policy, Aetna agreed to pay monthly benefits to any employee of Reading and Bates who became disabled. Foret sued for and obtained judgment for total and permanent disability from Aetna. A parallel claim for penalties and attorney’s fees against Aetna under La.R.S. 22:657 was denied. Aetna appealed to this court. We affirmed the finding of total and permanent disability, but remanded the case back to the trial court for the purpose of determining the amount of payments due, because the record was inadequate on the issue of plaintiff’s wages. Foret v. Aetna Life & Casualty Company, 337 So.2d 676 (La.App.3rd Cir. 1976).
*20 After appeal, but before trial on remand, Aetna offered plaintiff the amount of benefits which they determined were due. This consisted of $15,057.38 in back payments and $273.03 in future monthly payments. This tender was conditioned upon plaintiffs ceasing to take any further legal action on remand. Plaintiff rejected the offer.
After trial on remand, judgment was rendered awarding plaintiff $22,957.60 in past due benefits (April of 1972 through February of 1977) and $403.03 per month from March, 1977, until termination of the disability or age 65. The trial court denied plaintiff’s demand for penalties and attorney’s fees.
Plaintiff has perfected a devolutive appeal contending that the trial court erred in two respects, viz: (1) by failing to award penalties and attorney’s fees, and (2) by failing to provide legal interest on the amount of the judgment.
I. PENALTIES AND ATTORNEY’S FEES
Plaintiff argues that it should be awarded penalties and attorney’s fees under La. R.S. 22:657.[1] He maintains that even though the trial judge determined the insurer’s withholding of benefits reasonable at the time the initial suit was filed, the insurer’s actions became unreasonable when it did not pay undisputed benefits while the suit was pending trial on remand. Citing Chivoletto v. Johns-Manville Products Corporation, 330 So.2d 295 (La.1976), he contends that in order to avoid penalties and attorney’s fees the insurer should have unconditionally tendered this amount.
Although plaintiff may be entitled to penalties and attorney’s fees under the rationale of Chivoletto, we feel that the issue is not properly before the court at this time. The procedural posture of Chivoletto was different from that in the present case.
In Chivoletto, a workman who had contracted asbestosis sought to recover workmen’s compensation benefits, claiming that he was totally and permanently disabled under the terms of the occupational disease statute, La.R.S. 23:1031.1. The trial judge found that plaintiff was not disabled; however, benefits were granted on the basis that since the usefulness of the lungs, a physical function, was seriously and permanently impaired, compensation could be allowed under La.R.S. 23:1221(4)(p). Judgment of $49.00 per week for one hundred weeks in addition to past and future necessary medical expenses was rendered. The claim for penalties and attorney’s fees was rejected. An appeal was taken from the trial court’s decision by both the plaintiff and defendant. The judgment was affirmed by the Court of Appeal. Plaintiff made an application for a writ of certiorari to the Louisiana Supreme Court, which was granted in order to resolve three issues, one of which was the denial of penalties and attorney’s fees by the trial court. The Supreme Court awarded attorney’s fees on original hearing under La.R.S. 23:1201.2 and 22:658, stating the following:
“Although the trial court denied plaintiff’s claim for penalties and attorney’s fees under Section 1201.2 of Title 23 and Section 658 of Title 22 of the Revised Statutes, this phase of the case assumed a different posture when plaintiff’s award for 100 weeks compensation at $49 per *21 week was affirmed by the Court of Appeal and defendant did not timely apply for writs to review that judgment. Thus plaintiff’s judgment became final insofar as that award was concerned. Proof of plaintiff’s loss to the extent of that judgment was then established to a legal certainty. The continuing demand represented by plaintiff’s application for. writs, and the expiration of sixty days, completed the law’s requirements. Withholding payment of compensation thereafter became arbitrary and capricious, entitling plaintiff to penalties and attorney’s fees as prescribed by the act.[2] [Italics by the court].
330 So.2d 295, 299-300.
In this case, after the original trial denying penalties and attorney’s fees, plaintiff did not appeal nor did he answer defendant’s appeal. This Court affirmed the judgment of the District Court, finding plaintiff entitled to benefits under the policy, but we remanded the case for the limited purpose of redetermining the amount of benefits to which plaintiff was entitled. No application for writs was made from our original decision. We feel that the judgment denying penalties and attorney’s fees became final and that the demand in plaintiff’s original petition was no longer viable. In order to recover penalties and attorney’s fees on the basis of the insurer’s delay in paying the undisputed amount of the claim, it was necessary that a new demand be made at trial on remand. The record reveals that plaintiff did not amend his petition to plead the additional claim and that his apparent attempt to amend by the introduction of two letters, representing the insurer’s conditional tender of the undisputed amount, was ineffective. Quoting from the transcript:
“BY MR. MANUEL, of counsel for plaintiff:
At this time, Your Honor, we would like to reiterate our claim for attorneys fees and I would like to offer, file and introduce into evidence two letters that were received by me from opposing counsel for Aetna during the settlement negotiations following the Court of Appeal decision and mark same as “P-2” in globo for identification, to support our claim for penalties and attorneys fees.
OBJECTION: By Mr. Fusilier, counsel for defendant:
To which introduction, I would like to object insofar as the attorney for the plaintiff is stating that these letters show, make a basis for a recovery of attorney fees and penalties and that the introduction be restricted merely to show settlement and tender by the company of certain amounts — settlement negotiations and tender by the company of certain amounts to the plaintiff.

BY THE COURT:

Subject to your objection, let them be received and marked.”
We thus feel that plaintiff’s claim for penalties and attorney’s fees on this new basis is not properly ■ before this court for consideration. Accordingly we express no opinion on the merits of plaintiff’s claim in that regard.
II. INTEREST
In his petition, plaintiff prayed for legal interest from date of judicial demand. Apparently, the trial court inadvertently failed to include legal interest in the judgment. The judgment will be amended accordingly to include the proper amount of interest.
For the above reasons the judgment of the District Court is amended to provide for legal interest from date of judicial demand until paid on payments due prior to the date of judicial demand and, on payments due subsequent to the date of judicial demand, legal interest from the due date of each payment, until paid. In all other respects, *22 the judgment of the District Court is affirmed. Costs on appeal to be assessed against the defendant-appellee.

AFFIRMED AS AMENDED.

. In pertinent part, the statute provides:
“All claims arising under the terms of health and accident contracts issued in this state,.shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent business man on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney’s fees to be determined by the court. The district court of the parish where the insured lives or has his domicile shall have jurisdiction to try such cases.”

. On application for rehearing the Supreme Court amended its judgment by striking that portion of the award providing for attorney’s fees because it was revealed by joint stipulation of counsel that the judgment of the district court in fact had been satisfied by the defendant. (Footnote by the court).