STOKER, Judge.
This is a separate suit for penalties and attorney’s fees under LSA-R.S. 22:657. The suit was filed following a suit for and disposition of a claim under a group long term disability policy issued by Aetna Casualty and Surety Company (Aetna). In that suit James Michael Foret (Foret) claimed from Aetna payment of monthly benefits because of disability resulting from accidental injury which occurred while he was working in his employment. The matter has been before this court on appeal on two *527 previous occasions. Foret v. Aetna Life and Casualty Co., 337 So.2d 676 (La.App. 3rd Cir. 1976) and Foret v. Aetna Life and Casualty Company, 357 So.2d 19 (La.App. 3rd Cir. 1978). The facts and procedural history with which we are now involved are stated in detail in the reports of those cases.
The first appeal, 337 So.2d 676, was brought by Aetna from a trial court judgment which awarded Foret disability benefits in the amount of $453.44 per month. The trial court denied Foret’s claim for penalties and attorney’s fees. When Aetna appealed Foret neither appealed nor answered the appeal. We affirmed the trial court’s finding of disability but we remanded the case to the trial court for a redeter-mination of the amount of the payments due because the record was inadequate on the issue of plaintiff’s wages.
After our action set forth in 337 So.2d 676 the further history of this matter was as stated by us in the second appeal in 357 So.2d 19. We stated the following on page 20 of that opinion:
After appeal, but before trial on remand, Aetna offered plaintiff the amount of benefits which they determined were due. This consisted of $15,057.38 in back payments and $273.03 in future monthly payments. This tender was conditioned upon plaintiff’s ceasing to take any further legal action on remand. Plaintiff rejected the offer.
After trial on remand, judgment was rendered awarding plaintiff $22,957.60 in past due benefits (April of 1972 through February of 1977) and $403.03 per month from March, 1977, until termination of the disability or age 65. The trial court denied plaintiff’s demand for penalties and attorney’s fees.
Plaintiff has perfected a devolutive appeal contending that the trial court erred in two respects, viz.: (1) by failing to award penalties and attorney’s fees, and (2) by failing to provide legal interest on the amount of the judgment.
Plaintiff Foret’s claim for penalties and attorney’s fees at this point was grounded, not on the original claim of unreasonableness on the part of the insurer, but on the assertion that Aetna became unreasonable when it did not pay undisputed benefits while the suit was pending trial on remand. Plaintiff relied on Chivoletto v. Johns-Manville Products Corporation, 330 So.2d 295 (La.1976). We did not consider the merits of plaintiff’s claim for penalties and attorney’s fees on the grounds asserted in the second appeal because we held that the issue was not properly before the court at that time. In our opinion in the second appeal at 357 So.2d 21 we said:
In this case, after the original trial denying penalties and attorney’s fees, plaintiff did not appeal nor did he answer defendant’s appeal. This Court affirmed the judgment of the District Court, finding plaintiff entitled to benefits under the policy, but we remanded the case for the limited purpose of redetermining the amount of benefits to which plaintiff was entitled. No application for writs was made from our original decision. We feel that the judgment denying penalties and attorney’s fees became final and that the demand in plaintiff’s original petition was no longer viable. In order to recover penalties and attorney’s fees on the basis of the insurer’s delay in paying the undisputed amount of the claim, it was necessary that a new demand be made at trial on remand. The record reveals that plaintiff did not amend his petition to plead the additional claim and that his apparent attempt to amend by the introduction of two. letters, representing the insurer’s conditional tender of the undisputed amount, was ineffective.
At this point in the opinion, we quoted the portion of the transcript in which plaintiff’s counsel attempted to broaden the pleadings by introduction into evidence of the two letters, the objection to introduction by defendant’s counsel and the admission of the letters subject to the defendant’s objection. We then stated:
We thus feel that plaintiff’s claim for penalties and attorney’s fees on this new basis is not properly before this court for consideration. Accordingly we express *528 no opinion on the merits of plaintiff’s claim in that regard.
In the second appeal we affirmed the trial court’s denial of penalties and attorney’s fees but amended the judgment with reference to the legal interest issue. Apparently taking our expressions in the second appeal as authorizing a new suit to bring before the court the question of unreasonableness of the failure to pay after remand, the plaintiff did just that. A new but original petition was filed by Foret reciting the above history and making demand for penalties and attorney’s fees. The trial court overruled an exception of res judicata and on trial awarded Foret penalties and attorney’s fees. From this judgment the present appeal was taken by Aetna.
Plaintiff answered Aetna’s appeal asking that the trial court award of $3,000 as attorney’s fees be increased to $15,000. We do not reach various issues raised on appeal including the correctness of the trial court’s failure to sustain the peremptory exception of res judicata. We are of the opinion that the matter is governed by Article 425 of the Louisiana Code of Civil Procedure. This article, LSA-C.C.P. art. 425, reads:
An obligee cannot divide an obligation due him for the purpose of bringing separate actions on different portions thereof. If he brings an action to enforce only a portion of the obligation, and does not amend his pleading to demand the enforcement of the full obligation, he shall lose his right to enforce the remaining portion.
We stated in the second appeal that in order to recover penalties and attorney’s fees on the basis of the insurer’s delay in paying the undisputed amount of the claim, it was necessary that a new demand be made at trial on remand. We noted that plaintiff had failed to amend the petition to plead the additional claim after the remand and his attempt to broaden the pleadings during trial on remand. By failing to amend before trial on ■ remand and later asserting the additional claim by subsequent separate suit, plaintiff attempted to divide his cause of action in contravention of the provisions of LSA-C.C.P. art. 425. Inasmuch as plaintiff could not so divide his demand, we reverse the trial court’s judgment in this matter awarding penalties and attorney’s fees. Plaintiff’s action is hereby dismissed. The costs of these proceedings including the cost of this appeal are assessed to plaintiff-appellee, James Michael Foret.

REVERSED

DOMENGEAUX, J., concurs with brief reasons.